EISWALD *vs*. THE SOUTHERN EXPRESS COMPANY.

[This case was argued at the last term and decision reserved.]

Though, in an action for a tort where the plaintiff has a right, and the result may be important to the vindication of the same, a new trial will be granted to enable the plaintiff to recover nominal damages only, (18 *Ga.*, 539), the rule is not necessarily the same where the cause of action is a breach of contract, or in the nature of a breach of contract. In the latter class of cases, the supreme court will not control the discretion of the superior court, where it appears that if the plaintiff can recover at all, on a second trial, his recovery will be limited to mere nominal damages.

New trial. Damages. Before Judge HALL. Fulton Superior Court. October Adjourned Term, 1876.

In addition to the facts stated in the opinion, it is only necessary to add that the package containing the check arrived in Atlanta at twelve o'clock on the night of September 24th, 1874; that plaintiff's wife, to whom the package was addressed, received, through the post-office, notice of its arrival, about 3:30 P. M. on the 25th, and went directly to the express office, but the agent refused to deliver the package until she was identified; that she returned the next

morning with a gentleman to identify her, received the package, and presented the check for payment, but the bank had suspended between 10 and 11 o'clock of the preceding day; that the envelope inclosing the check and a letter addressed to plaintiff's wife, was directed to her by street and number; that this was inclosed in an express envelope by the agent of defendant at Morristown, Tennessee, but whether a similar address was placed on the latter is left in doubt, as such envelope was lost; that the receipt given for such package described it as addressed to Mrs. T. G. Eiswald, Atlanta, Ga.; that had the check been presented by 10 o'clock A. M., or soon thereafter, on the morning of the 25th, it would have been paid by the bank.

No issuable plea having been filed the court, Judge Hopkins then presiding, rendered judgment for defendant. A motion for a new trial was overruled by Judge Hall, and plaintiff excepted.

MARSHALL J. CLARKE; HILLYER & BRO., for plaintiff in error.

HOPKINS & GLENN, for defendant.

BLECKLEY, Judge.

The basis of the action was contract, and an alleged breach thereof. The express company undertook to carry and deliver a check drawn upon a bank by a depositor in favor of his wife; and delivery to the wife was not made, it is contended, as early as it ought to have been made. In the mean time the bank failed and the depositor's money was lost. The verdict was for the defendant, and the court refused to grant a new trial. Under the evidence, the presiding judge believed, no doubt, that the failure of the bank took place before a reasonable time for delivery had expired, and that the plaintiff's money was thus really lost while the express company was not in default; that the default of the latter, if any, by undue delay in making delivery, was

unattended with any actual damage to the plaintiff. The evidence would very well warrant such a conclusion; so that, admitting that the duty of the company was to deliver at the residence of the consignee, according to the street and number designated in the address of the package, (a question we need not decide,) the plaintiff probably had a cause of action for nothing beyond nominal damages. In actions of tort, or in some of them, because the mere branding of the defendant's act as a wrong may be of future consequence to the plaintiff in the matter of upholding the right involved, a new trial will be granted on the disallowance of nominal damages where such damages ought to have been found; but this strictness does not prevail in cases of contract, the same reason not applying.

At all events, in this class of cases a reviewing court will not constrain the primary court to grant a new trial in order that mere nominal damages may be recovered.

Cited in the argument: Red. on Railways, 32; Ang. on Carriers, §§287, (*n*) 291, 295, *et seq;* Brown on Carriers, 195, 199, *et seq;* 2 Kent's Com., 604; Ad. on Cont., 500, 501; 17 Wend., 305; 6 Bosw., 235; Code, §2946; 4 *Ga.*, 264; 18 *Ib.*, 539, *et seq;* Code, §§2066, 2062, 2060, 2080; 45 *Ga.*, 309; 46 *Ib.*, 307; Code, §2070; 37 *Ga.*, 693; 46 *Ib.*, 433; 17 Wall., 357; 15 Minn., 270; 23 Am. Law Reg., 39; 9 Am. Law. Review, 155; 2 Gr'l'fs Ev., p. 194, notes; Code, §3065; Sedgw. Meas. Dam., 55, 56; 22 Vt., 231; 5 Ind., 250; 6 Rich. Law, 75; Code, §3678.

Judgment affirmed.