ROBERTS *v.* ATLANTA REAL ESTATE COMPANY *et al.*

1. While it is allowable in equity cases to add new parties defendant by amendment, this can be done only when the allegations of the original petition are such as to warrant the introduction of the new parties.
2. Where a suit is brought against one as a principal and sole wrong-doer, to recover damages for alleged acts of trespass and to enjoin the commission of similar acts in the future, an amendment alleging that both in the commission of the acts of trespass and in the determination to repeat them in the future the defendant was acting as agent for another and under his direction, and praying that the latter be made a party defendant and enjoined in like manner as the original defendant, ought to have been stricken at the instance of the party sought to be added by amendment, on the hearing of a rule against him to show cause why he should not be made a party, he having objected to the allowance of the amendment on the ground that it set forth a new and distinct cause of action from that alleged in the original petition.

Argued June 29, — Decided August 13, 1903.

Equitable petition. Before Judge Lumpkin. Fulton superior court. October 29, 1902.

*Culberson, Willingham & Johnson,* for plaintiff in error.
*Rosser & Brandon,* contra.

COBB, J.   An equitable petition was filed by the Atlanta Real Estate Company against Marion L. Roberts.   The plaintiff alleged that it and the defendant's wife owned adjoining tracts of land; that plaintiff had partially enclosed its land with a fence, and that Roberts had torn down and destroyed the fence, claiming that it was erected in a street lying between the two tracts; that in fact no street existed at the place where the fence was built, but it was constructed for the purpose of inclosing vacant land belonging to plaintiff and to prevent persons from trespassing thereon; that defendant, without any authority or right so to do, proposes and threatens to destroy any fence which may be erected by plaintiff to replace the one before torn down, and to do this as often as such a fence may be constructed; and that the defendant Roberts is insolvent. The prayers of the petition were, that Roberts be enjoined from interfering with the erection of a fence at the point mentioned; that plaintiff's right to erect and maintain such a fence be decreed against Roberts; that plaintiff have damages against Roberts for the destruction of the fence torn down by him; and for general relief. Subsequently, but on the same day the foregoing petition was filed, Mrs. Roberts, the defendant's wife, filed an application to enjoin the Real Estate Company and Forrest Adair from obstructing, by the erection of a fence or otherwise, what was alleged to be a street lying between her tract of land and that owned by the Real Estate Company.   This application was based on the ground that the obstruction of the fence would cause the applicant special and irreparable damage.   The Real Estate Company then filed a petition for a rule against Mrs. Roberts, requiring her to show cause why she should not be made a party defendant to the suit brought by the Real Estate Company against her husband.   It was alleged in this petition that when the original petition against Roberts was filed the plaintiff did not know but that he was the owner of the tract of land adjoining plaintiff's tract, but that since the filing of that petition plaintiff has learned that his wife is the owner of such land, and that Roberts, both in tearing down the fence which had been erected by plaintiff and in his determination to destroy any fences which might be erected in the future, was acting as agent for his wife, and that hence they are joint wrong-doers and jointly bound for the acts of Roberts.   It was further alleged that the Real Estate Company desired to finally adjust and settle the bound-

ary lines between the two tracts and to settle the dispute between it and Mrs. Roberts, and that to this end it was necessary that she be made a party to the original suit that she might be enjoined as therein prayed.    Mrs. Roberts appeared in response to the rule, and demurred to the petition for the rule on several grounds.    She also filed an answer to that petition, denying that she was a necessary party to the suit, or that Roberts was acting as her agent in doing any of the things set forth in the plaintiff's petition.    She also averred that the pendency of her suit against the Real Estate Company and Adair was a complete reply to its prayer that she be made a party to the suit against Roberts.    At the hearing on the rule the Real Estate Company offered an amendment to the original petition against Roberts.    · It was alleged in this amendment that " in each and all of the matters and things alleged against the defendant in the above-stated case the defendant M. L. Roberts was acting as agent for his wife Mrs. Martha E. Roberts, and by virtue and direction of her authority, and she is equally responsible with him for all his actings and doings in said petition referred to." After setting out at length the plaintiff's claim of title to the strip. of land in controversy, the plaintiff prayed that Mrs. Roberts be made a party defendant in the cause ; that she and Roberts be enjoined as prayed in the original petition against Roberts; and that the strip of land in controversy be decreed to belong to plaintiff. Mrs. Roberts objected to the allowance of this amendment, on various grounds, one among them being that it set forth a new and distinct cause of action.    The court passed an order striking the second prayer of the amendment relating to the recovery of the strip of land in dispute, making Mrs. Roberts a party defendant as prayed, restraining her from altering the status, and requiring her to show cause why she should not be enjoined as prayed for by the plaintiff.    To the passage of this order Mrs. Roberts excepted.

The major part of the argument of counsel on both sides was devoted to the question whether or not Mrs. Roberts was, under the allegations of the plaintiff's amendment, a necessary or proper party to the suit.    Under the view we have taken of the case, it will not be necessary to decide this question.    It may be that if the original petition against Roberts had averred that he was acting as the agent of his wife and under her direction, she could have by amendment been made a party defendant, on the theory that the plain-

tiff could not obtain complete relief unless the principal as well as the agent could be enjoined. New parties could always be added by amendment in equity cases whenever they were necessary or proper parties. Since the passage of the uniform procedure act of 1887, new parties may be thus added in all cases praying for equitable relief, but the new parties so added must be such as are either necessary or proper parties to the relief prayed for or which may be appropriate to the allegations of the original petition. It is not competent for the plaintiff, either in a petition setting forth a common-law cause of action, or in a petition setting forth an equitable cause of action, to add by way of amendment a new and distinct cause of action. Nor is it competent for the plaintiff in a petition praying for equitable relief to add by way of amendment new parties who were neither necessary nor proper parties to the cause of action set forth in the original petition. *Glaze* v. *Bogle,* 105 *Ga.* 295. It does not seem to us that there was anything in the original petition against Roberts which would, under any rule regulating the making of parties in equity, authorize an order making Mrs. Roberts a party to the case. The petition set forth a cause of action against Roberts for individual acts of trespass alleged to have been committed in his own behalf and on his own responsibility, and with which, so far as the allegations of the petition are concerned, Mrs. Roberts had not the slightest connection, with a prayer seeking to enjoin the commission by Roberts of similar acts in the future. The ground on which the right to an injunction against Roberts was based was his insolvency,— a thing purely personal to himself, and which would of course constitute no reason for enjoining Mrs. Roberts, even if she had been a party. In short, it is manifest that the plaintiff was endeavoring to hold Roberts liable for acts committed on his own responsibility as the principal and only wrong-doer. Certainly the mere fact that Mrs. Roberts owned the tract of land on which Roberts resided and which adjoined the plaintiff's tract does not in the remotest way show that she had any connection with the acts of trespass upon the plaintiff's property committed by Roberts.

The amendment abandons the theory that Roberts was liable to the plaintiff as the principal and sole wrong-doer, and seeks to hold both him and his wife liable on the idea that he was her agent and acting under her direction and authority. The amendment, so

far as it sought an injunction against Mrs. Roberts, was unquestionably open to an attack by Roberts on the ground that it set forth a new cause of action. It wholly changed the character in which he was alleged in the original petition to be liable to the plaintiff for the acts committed by him. It introduced into the case a new controversy. It was a clear departure from the original pleading. See, in this connection, *Smith* v. *Ardis,* 49 *Ga.* 602 ; *Hart* v. *Henderson,* 66 *Ga.* 568; *Vason* v. *Gardner,* 70 *Ga.* 517, 522 (4) ; *Arnett* v. *Board of Commissioners,* 75 *Ga.* 782 (2) ; *Franklin Bank Note Co.* v. *Railway Co.,* 105 *Ga.* 547. We see no reason why Mrs. Roberts could not also make the objection that the amendment set forth a new cause of action. Roberts was not a party to the rule and had no opportunity to object to the amendment ; but when offered during the regular progress of the case, he could interpose the objection, and if he did so, the amendment would have been stricken and the plaintiff would have no allegations upon which to predicate any prayer for relief against Mrs. Roberts. She could, however, we think, independently of any action by Roberts, interpose the objection to the amendment; and of course the proper place to do this was on the hearing of the rule, which was a regular trial of the issue whether or not she should be made a party. She was the one most vitally affected by the amendment, and the plaintiff could no more make a new case by amendment so as to bring her in as a party than it could have added a new cause of action against the objection of Roberts. The court erred in passing the order complained of, but should have entered an order disallowing the amendment and refusing to make Mrs. Roberts a party defendant to the suit brought by the plaintiff against her husband, Marion L. Roberts. *Judgment reversed. By five Justices.*