## CARLISLE v. OTTLEY et al., trustees.

1. Where an industrial corporation has been adjudged a bankrupt and trustees have been appointed, shareholders who received dividends from the corporation before the adjudication of bankruptcy, which were paid out of the capital assets of the corporation, may, under the Civil Code (1910), § 2251, be joined in one action instituted by the trustees to recover the amount of the dividends so paid.

2. A suit in equity of the character just mentioned may be brought in the county of the residence of any one of the defendants. In such a case the jurisdiction will include also a defendant who resides in another county of this State.

3. Where a solvent industrial corporation, which is engaged in the conduct of its business as a going concern, annually declares dividends through a number of years, and these dividends are paid out of the capital assets of the corporation, and the shareholders receive them in good faith and

without notice that they are not paid from the net profits of the corporation, and afterwards the corporation is adjudicated a bankrupt, an action by the trustees in bankruptcy will not lie against the shareholders to recover the amount of the dividends so received by them.

4. In view of the ruling announced in the third headnote, other questions raised by demurrer and specially mentioned in the fourth division of the opinion will not be decided.

August 11, 1915.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 10, 1914.

J. K. Ottley, T. D. Meador, and R. H. Drake, as trustees in bankruptcy of the Spalding Cotton Mills, a corporation bankrupt, instituted suit in the superior court of Fulton county against J. A. McCrary, Mrs. C. B. Sasser, and J. A. Sasser, residents of Fulton county, and a large number of other persons residing beyond the limits of Fulton county, including E. F. Carlisle of Spalding county. Carlisle filed a separate demurrer, which was overruled as to each and every ground therein taken; and he excepted to this judgment. The defendants were alleged to have been stockholders in the Spalding Cotton Mills, and as such to have received separate dividends on their respective shares of stock for the years 1901 to 1909, inclusive. The suit was to recover the dividends thus paid, with interest. Carlisle was alleged to have had two shares of stock, and the total amount of dividends alleged to have been paid him was $166. The petition further alleged the following in substance. The defendants constitute all of the stockholders, except such as are deceased without administration on their estates, whose heirs at law are unknown to petitioner, and such as have left the jurisdiction, leaving no property, and such other stockholders as are so absolutely insolvent that a judgment against them would be of no value. At various times during the operation of the Spalding Cotton Mills as a going business concern, the corporation paid to its stockholders the dividends before mentioned, which "were entirely unearned." At the time each of the dividends was paid the corporation had earned no profits or surplus out of which dividends could lawfully be paid; and payment of such dividends "impaired the capital assets of the corporation," and constituted an unlawful appropriation of the capital assets. Under the circumstances named, the stockholders were not authorized to retain the dividends so paid to them; and petitioners, as trustees in bankruptcy, are entitled, under the general principles of law,

to recover the same. The question of the liability of each defendant rests upon the same state of facts and the same questions of law; and therefore one suit can equitably and speedily adjust all questions arising relatively to any of the defendants. Unless the court takes jurisdiction and in one suit adjusts all of the matters, petitioners will be forced to file separate suits against each defendant, which will needlessly involve a multiplicity of suits. The total amount of unearned dividends when recovered will be insufficient to pay the indebtedness of the bankrupt.

*Cleveland & Goodrich* and *Little, Powell,. Hooper & Goldstein,* for plaintiff in error.

*C. T. & L. C. Hopkins, Marion Smith, Ronald Ransom,* and *Rosser, Brandon, Slaton & Phillips,* contra.

ATKINSON, J. 1. As a ground of demurrer it was urged that the petition did not purport to allege a joint liability against the defendants, but set forth distinct claims against the defendants separately; and consequently that there was a misjoinder of parties. It was also alleged in the demurrer, that the petition sought to marshal the assets of several estates, thereby dealing with several things of distinct natures, and against several persons who have no joint interest in the subject-matter of the suit; and consequently that the petition was multifarious. The petition does not attempt to marshal the assets of any estate. Its object was merely to recover the amount of dividends alleged to have been unlawfully paid out by the corporation, some of which went into the hands of representatives of deceased stockholders. The plaintiffs are trustees in bankruptcy of the corporation which paid out the dividends, who, by virtue of their office, represent creditors of the bankrupt corporation, and as such they occupy the status of creditors relatively to the right to sue.

It is declared in the Civil Code, § 2251: "In all suits against the members of a private association, joint-stock company, or the members of existing or dissolved corporations, to recover a debt due by the association, company, or corporation, of which they are or have been members, or for the appropriation of money or funds in their hands to the payment of such debt, the plaintiff or complainant in such suit may institute the same, and proceed to judgment therein against all or any one or more of the members of such association, company, or corporation, or any other person liable, and

recover of the member or members sued the amount of unpaid stock in his hands, or other indebtedness of each member or members: Provided, the same does not exceed the amount of the plaintiff's debt against such association, company, or corporation; and if it exceed such debt, then so much only as will be sufficient to satisfy such debt." It was alleged in the petition that the total amount of unearned dividends, when recovered, will be insufficient to pay the indebtedness of the bankrupt. Under such allegations, the liability of the defendants, if any, under the statute quoted above, would be the full amount of their debt to the corporation. The statute contemplates avoidance of multiplicity of actions, and is sufficient authority for joining all of the defendants in this action. See *Spratling* v. *Westbrook,* 140 *Ga.* 625 (79 S. E. 536); *Allen* v. *Grant,* 122 *Ga.* 552, 558 (50 S. E. 494); *Moore* v. *Ripley,* 106 *Ga.* 556, 561 (32 S. E. 647); *Boyd* v. *Robinson,* 104 *Ga.* 793, 803 (31 S. E. 29).

2. Another ground of demurrer urged that the petition should be dismissed, because it appears from the allegations thereof that the defendant resided in a different county from that in which the action was instituted, and therefore the court was without jurisdiction. As indicated above, the statute authorized the institution of one suit against all of the defendants. The suit was in equity, and the venue may be laid in the county of the residence of any defendant against whom substantial relief is prayed. Civil Code (1910), § 6540. As some of the defendants against whom substantial relief is prayed resided in Fulton county, jurisdiction as to them would also draw to it the defendant who resided in Spalding county.

3. It is alleged that the dividends were paid out of the capital stock of the corporation, there being no net profits from which to pay them. The plaintiffs contend that the capital assets of the corporation constituted a trust fund which the directors were prohibited, under penalty prescribed in the Penal Code, § 740, from applying to payment of dividends; and, being such, they could be followed for the benefit of creditors into the hands of the shareholders who received the dividends. It was not alleged that at the time the dividends were received the corporation was insolvent or was not a going concern, or that the shareholders received the dividends with notice that they were not being paid from net profits of the corporation. Nor was the good faith of the shareholders

in receiving the certificates otherwise attacked. The demurrer complained of the absence of allegations of this character; and as the demurrer was overruled, it must be assumed, in reviewing the judgment on demurrer, that the corporation was solvent and a going concern at the time of the payment of the dividends, and that the shareholders received the same in good faith and without notice that they were not being paid from net profits of the corporation. Viewing the petition in this light, we do not think it sets forth a cause of action. On its facts, as indicated above, the case is quite similar to that of McDonald v. Williams, 174 U. S. 397 (19 Sup. Ct. 743, 43 L. ed. 1022). It is unnecessary to repeat the discussion contained in the opinion in that case. It will suffice to say that the effort there was to recover dividends paid out by a corporation, not shown to be insolvent, to its shareholders who were not affected with notice that the dividends were being paid from the capital assets, and that there was a statute which prohibited the corporation from paying dividends out of capital assets. The ruling in that case has been followed in Great Western Mining Co. v. Harris, 128 Fed. 321 (63 C. C. A. 51), Lawrence v. Greenup, 97 Fed. 906 (38 C. C. A. 546), and New Hampshire Savings Bank v. Richey, 121 Fed. 956 (58 C. C. A. 294). See also 5 Thomp. Corp. (2d ed.), § 5363, p. 161; 2 Cook on Corporations (6th ed.), § 548, p. 1497. The case differs from that of *Crawford* v. *Roney*, 130 *Ga.* 515 (61 S. E. 117), as will sufficiently appear from the remarks of Lumpkin, J., on page 519, in distinguishing the case from that of McDonald v. Williams, supra.

4. The demurrer also raised a question as to the right of the plaintiffs to recover dividends which were paid out prior to the time the corporation became indebted to the creditors for whom the trustees in bankruptcy were suing; and set up that the plaintiffs could not recover dividends which had been received four years before the institution of the suit. In view of the ruling in the preceding division, to the effect that the plaintiffs did not set forth a cause of action, it is unnecessary to deal with the questions thus raised, and they will not be decided.

　　　　　　*Judgment reversed. All the Justices concur.*