McKEY *v.* WRIGHT, insurance commissioner, *et al.*

Where the comptroller-general, as insurance commissioner of the State, has been placed, by orders properly granted in proceedings duly instituted for that purpose, in charge of the affairs of an insurance company which is insolvent, and it is necessary for the benefit of creditors to collect the unpaid subscriptions to the capital stock of the company, the commissioner may proceed in one suit against all of those who owe for unpaid stock subscriptions; and where the suit is properly brought as an equitable action in a county of the residence of some of the defendants against whom substantial relief is prayed, others of the same class may be joined, although they are not residents of that county. This ruling disposes of the controlling question in this case, and there is no merit in the other contentions made in the general demurrer.

No. 415.  FEBRUARY 15, 1918.

Equitable petition. Before Judge Ellis. Fulton superior court. May 8, 1917.

In the superior court of Fulton county James R. Brown, on July 8, 1914, on behalf of himself and others similarly situated, filed his petition in equity against the Empire Life Insurance Company. He prayed for injunction, receiver, and other equitable relief against the defendant. Various amendments to the petition were filed, and demurrers and answers were filed by the defendant. On February 8, 1915, William A. Wright, as insurance commissioner of the State of Georgia, filed his petition in the said court, asking that the affairs of the said defendant insurance company be placed in his charge under the laws of Georgia. On April 26, 1915, an order consolidating the said two causes above referred to was duly passed. On February 15, 1916, the insurance commissioner filed, in the cause as thus consolidated, his petition against certain named defendants, as well as the Empire Life Insurance Company, to collect certain notes given for stock subscriptions. Among these defendants was W. V. McKey, whose residence was alleged to be in Lowndes County, Georgia. He filed a general demurrer to the petition, raising, among other questions, the question of jurisdiction of the person, which, upon hearing, was overruled. There were also special demurrers; but the court, as is expressly stated in the record, passed only on the general demurrer, to the overruling of which McKey excepted.

*E. K. Wilcox* and *Brewster, Howell & Heyman,* for plaintiff in error.

*Robert C. & Philip H. Alston,* contra.

BECK, P. J. (After stating the foregoing facts.) The controlling question made in this record is whether or not the superior court of Fulton county has jurisdiction of the plaintiff in error in the suit brought against him and others by the insurance commissioner to collect the notes given for stock subscriptions to the Empire Life Insurance Company. By order duly passed in the consolidated cause it had been adjudicated that the insurance commissioner had the paramount and exclusive right, under the laws of the State, to have charge of and to administer the assets of the insurance company. Subsequently, upon petition filed by the commissioner, in which it was alleged that the company had a large amount of unpaid subscriptions to its capital stock which were past due, and that it was necessary to collect those subscriptions in order that the liabilities of the company might be met, and that it was necessary to collect all of the outstanding stock subscriptions held by the company in full in order to satisfy its obligations, it was ordered and adjudged that the commissioner be authorized to institute suits in equity and actions at law for the purpose of enforcing any cause of action existing in favor of the insurance company on account of subscriptions to its capital stock, or on any other account whatever; and it was further ordered that he be authorized to proceed against persons against whom such cause of action exists who reside within the State of Georgia, as well as against persons against whom such cause of action exists who reside without the State of Georgia, and that he have all the power to enforce the same which the company had, or which might exist in favor of creditors, etc. In pursuance of the power and authority vested in the commissioner by law and by the order of court, suit was brought against certain defendants to collect the notes given for stock subscriptions; to which a demurrer was filed by the defendant McKey, and was overruled, as already stated.

We are of the opinion that the general demurrer raising the question of the court's jurisdiction of the defendant was properly overruled. It was competent for the court to entertain a petition brought against the defendants on the notes given for subscriptions to stock, whether they resided in Fulton county or in some other county in the State. We are of the opinion that this suit was one brought for and in the interest of creditors. The petition of the insurance commissioner, upon which the order authorizing the suit

as brought was passed, shows upon its face that the suit must be brought in the interest of creditors. In the case of *Allen* v. *Grant,* 122 *Ga.* 552 (50 S. E. 494), this court said: "The cause of action is for the unpaid subscription. To the creditors it makes no difference whether the failure to pay was the result of an express contract or the result of fraud. If there could be difference in the rights of the trustee, it would seem that he ought to be more bound by a contract than by fraud. And if the contract to receive less in money than the face of the stock will not defeat his right to recover, neither should it be defeated by a fraudulent agreement to receive less in property. Compare 1 Cook on Stockholders, § 47, with Elyton Land Co. *v.* Birmingham Co., 92 Ala. 407 (9 So. 129, 12 L. R. A. 307, 25 Am. St. R. 65). For it has long been held in this State that capital stock is a trust fund for the payment of debts. *Hightower* v. *Thornton,* 8 *Ga.* 486 (52 Am. D. 412). The liability on the part of the stockholder to pay his subscription in money or in money's worth arises out of his relation to that trust fund, and is imposed by law. . . This liability can be enforced by the trustee in bankruptcy. For while he represents the corporation, in a sense he also represents the creditors. Inasmuch as all the subscribers who have not paid in full can be joined as defendants in one suit (*Dalton Co.* v. *McDaniel,* 56 *Ga.* 191, 195; *Moore* v. *Ripley,* 106 *Ga.* 556 (32 S. E. 647); 1 Cook, Corp. § 206), it is manifestly to their interest, to that of the creditors, and to that of the estate, that the trustee should be permitted to be the plaintiff in that action. It avoids a multiplicity of suits. Civil Code, § 3989 [4586]; compare §§ 4842, 4846 [5415, 5419]. It permits the court to pass upon the rights of the several creditors, and to determine whether any are precluded from the right to share in the fund when realized. It also enables the court in one action to have an accounting, to determine the varying rights of each creditor, whether any of the subscribers are insolvent, to mold a decree accordingly, and to do complete equity in one proceeding. That the trustee in bankruptcy is the proper party plaintiff to maintain such a suit against the stockholders who made their subscriptions payable in specifics was in terms decided in Falco *v.* Kaupisch Co., 42 Or. 422 (70 Pac. 286). The same principle was in effect recognized in *Commercial Bank* v. *Warthen,* 119 *Ga.* 990 (47 S. E. 536), even though it does not appear that the subscription was

payable in other than cash." In *Spratling* v. *Westbrook,* 140 *Ga.*
625 (79 S. E. 536), it was held that "A trustee in bankruptcy
of an insolvent corporation may, in one equitable action, recover
from any number of the stockholders of the corporation their un-
paid stock subscriptions." See also, in this connection, *Boyd* v.
*Robinson,* 104 *Ga.* 793 (31 S. E. 29); *Brobston* v. *Downing,* 95
*Ga.* 505 (22 S. E. 277); *Carlisle* v. *Ottley,* 143 *Ga.* 797 (85 S. E.
1010, Ann. Cas. 1917A, 573); *Chappell* v. *Lowe,* 145 *Ga.* 717 (89
S. E. 777). We think it is clear that the reasoning in the decisions
cited, which allow trustees in bankruptcy to maintain the suits,
or in cases where it was held that receivers appointed in cases of
creditors' bills could maintain such suits, is applicable upon the
question as to the right of the insurance commissioner, who is act-
ing upon the grounds set forth in his petition and upon which the
order allowing this suit was based, to maintain his suit. The col-
lections which he is seeking to make, if made, will be for the benefit
of creditors. That is the primary object to be accomplished by
these proceedings. And keeping that in mind, we see that this
case can not be brought within the ruling made in *Greer* v.
*Jackson,* 146 *Ga.* 376 (91 S. E. 417). The suit in that case,
as was pointed out in the decision, was not brought on behalf of
creditors or for the benefit of creditors, whereas the present suit
is essentially for the benefit of creditors; and the decision in *Greer*
v. *Jackson* reaffirms the doctrine, that, where this is the case, suit
may be maintained to recover unpaid stock subscriptions, and that
it may proceed against all of those who have not paid their sub-
scriptions. It follows from what we have said that the court
properly overruled the demurrer based upon the ground of want of
jurisdiction in the superior court of Fulton county. This is the
controlling question in this case; for, with this contention settled
against the plaintiff in error, there was no merit in the remainder
of his general demurrer.

　　　*Judgment affirmed. All the Justices concur.*