ELBERTON & EASTERN RAILROAD CO. *et al. v.* GREEN, admx., *et al.*

ATKINSON, J. A bank became insolvent, and was taken in charge by the superintendent of banks. Certain persons instituted an action against the officers of the bank. It was alleged that the bank was insolvent more than two months before it closed; that the defendants knew of such in-

solvency, and it was their duty to close the bank; that they did not do so, but continued to operate the bank and allowed the petitioners to make therein deposits in stated amounts, and to suffer loss and injury for which the defendants are liable jointly and severally. The prayers were for process, for judgment, and for general relief. A demurrer was interposed on the grounds: (a) that a cause of action was not alleged; (b) that the dates and amounts of the separate deposits were not alleged; (c) that there was a misjoinder of parties plaintiff. An amendment was allowed, which alleged that there are a large number of persons who occupy identical position with petitioners; that petitioners do not know which of the deposits fall within the same class with them, and the identity of such deposits can only be determined by facts peculiarly within the knowledge of the defendants, and of such depositors themselves; that petitioners "sue as members of the class of depositors who were without knowledge, at the time of making their deposits, of the insolvency of said bank, who suffered loss by reason of the keeping of said bank open and receiving deposits after said bank became insolvent, and to whom defendants are liable by reason of the facts set forth in plaintiffs' original petition; any recovery herein being intended for the benefit of any and all persons who join in this litigation before its termination, in order that their rights may be determined in one litigation." The demurrer was renewed, and was sustained; and the petitioners excepted. *Held*:

1. The bank was not a party, and the suit was not for breach of an implied contract. The action was at law against the officers, based on tort.
2. The joinder of two plaintiffs suing for separate torts and both plaintiffs suing as members of a class, with the privilege of other persons of the class to become parties to the action, suing upon separate torts, does not characterize the action as a suit in equity.
3. This court has not jurisdiction. Accordingly the case will be transferred to the Court of Appeals, which has jurisdiction.

*Transferred to Court of Appeals. All the Justices concur.*

No. 6656. FEBRUARY 28, 1929.

W. A. Slaton, for plaintiff.

*Callaway & Howard, Colley & Wynne, Clement E. Sutton,* and *B. W. Fortson,* for defendants.