Hunter *et al. v.* Moss *et al.*

Atkinson, J. Certain individuals, suing for themselves and such others similarly situated who might desire to intervene, instituted an action against three named persons as directors of an insolvent bank. The petition as amended alleged that the petitioners were depositors in the bank; that the liquidating agents had practically collected and distributed such assets of the bank as were valuable and not exceeding 20 per cent. had been or would be realized for depositors; that the insolvency of the bank was produced by gross mismanagement and negligence of the defendants and in violation of their duties as officers of the bank, in the matter of making bad loans and accepting paper that proved worthless; that each petitioner had by reason of such negligence

suffered loss of 80 per cent. of his deposit, for which the defendants were liable to petitioners; that petitioners had demanded that the superintendent of banks bring suit against defendants on account of their "actions and mismanagement and negligence as herein complained of," and the demand had been refused, and consequently the petitioners have right to sue in their own names; that an accounting in equity is necessary to ascertain the exact amount due to each and to other depositors; that plaintiffs have joined in one action to avoid a multiplicity of actions. The prayers were, for process, and that petitioners have judgment against the defendants jointly and severally for the respective amounts of their loss of deposits. The exception is to a judgment dismissing the action on general demurrer. *Held:*

1. The action is at law, by depositors against the officers of an insolvent bank, for damages based on negligence and mismanagement of the affairs of the bank, causing loss to depositors.
2. The joinder of several plaintiffs suing for separate torts and all plaintiffs suing as members of a class, with the privilege of other persons of the class to become parties to the action, suing upon separate torts, does not characterize the action as a suit in equity.
3. The Supreme Court has not jurisdiction; and the case will be transferred to the Court of Appeals, because that court has jurisdiction. *Elberton & Eastern Railroad Co.* v. *Green,* 167 *Ga.* 891 (147 S. E. 65).

*Transferred to Court of Appeals. All the Justices concur, except Russell, C. J., and Hines, J., dissenting.*

No. 6832. SEPTEMBER 20, 1929.

*Joseph M. Lang,* for plaintiffs.
*W. T. Townsend* and *Y. A. Henderson,* for defendants.