MOBLEY, superintendent of banks, v. SHANNON *et al.*

No. 7257. MARCH 1, 1930.

*Park & Strozier* and *Carl N. Davie,* for plaintiff.

*J. D. Shannon, H. F. Griffin, L. D. Moore,* and *Hall, Grice & Bloch,* for defendants.

ATKINSON, J. The Twiggs County Bank became insolvent, and was taken in charge by the superintendent of banks. The superintendent of banks instituted an action against the board of directors of the bank, among whom were the president, the vice-president, and the cashier. The petition alleged various acts of mismanagement and negligence of the officers of the bank in relation to their duties in respect to the affairs of the bank, whereby the funds of the bank were lost, causing damage to the bank in the sum of $100,000. The petition also alleged that the assets of the bank were insufficient to pay depositors and other creditors; that an assessment against stockholders to the extent of 100 per cent. was necessary; that it was necessary for protection of depositors, creditors, and stockholders that petitioner institute the action against the defendants for the amount of the damage. The plaintiff prayed for judgment for $100,000 against the defendants jointly and severally. An amendment to the petition was offered and allowed, in which were prayers as follows: "1. That an accounting be had with the defendants, in order that the loss sustained by the bank by reason of their misconduct and negligence may be determined, and that judgment may be entered in plaintiff's favor for the amount of such loss. 2. That the amount which will be necessary to pay the depositors and other creditors of the bank in full and to reimburse those stockholders who have paid the assessment on their stock and to pay all stockholders the value of their stock, after crediting thereon all amounts which have been or may be realized out of the assets of the bank, may be ascertained and determined, and that judgment may be rendered against the defendants for the amount of such difference, in the event it should be shown that the bank sustained losses in that amount by reason of the misconduct and neglect of the said defendants. 3. That plaintiff may have such other, further, and general relief as may be meet and proper in the premises." The plaintiff filed a motion to refer the case to an auditor, in which it was stated that the case was a cause in equity; and it was prayed that the auditor should be given broad powers, including, among others, the right to take testimony in the State and out of the State as may seem proper. The motion for

the appointment of an auditor was refused, and exceptions pendente lite were filed. The defendants filed an answer. The case came on for trial before a jury. The jury was instructed to render a special verdict by answering questions propounded by the court. The questions were, "did the defendant directors exercise ordinary care" with respect to various matters set out in specific portions of the petition? In each instance the questions were answered, yes. Upon this verdict a decree was rendered in favor of the defendants. The plaintiff's motion for new trial, the numerous grounds of which were predicated on questions of law as to what were the duties of the defendants as directors of the bank and whether such duties could be delegated, was overruled, and he excepted.

1. The action was at law against the officers of the bank, seeking damages for breach of duty to the bank, and was not in equity for an equitable accounting, or other equitable relief.

2. When the case was formerly before this court on demurrer (*Shannon* v. *Mobley*, 166 *Ga.* 430, 143 S. E. 582), certain constitutional questions were raised by the demurrer, thus giving the Supreme Court jurisdiction of the writ of error. The effect of that decision was to remove from the case the constitutional questions and eliminate the questions which had given the Supreme Court jurisdiction of the writ of error.

3. Being a suit at law for damages, and no constitutional question being involved, or any other question that would give the Supreme Court jurisdiction of the writ of error, the case will be transferred to the Court of Appeals, which has jurisdiction. In this connection see *Elberton & Eastern R. Co.* v. *Green*, 167 *Ga.* 891 (147 S. E. 65) ; *Hunter* v. *Moss*, 169 *Ga.* 100 (149 S. E. 705).

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., absent for providential cause.*