MOBLEY, superintendent of banks, for use, etc., v. RUCKER.

BELL, J. 1. "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." Civil Code (1910), § 2220. The liability imposed by this statute constitutes a trust fund for the benefit of all creditors, and "an action at law can not be maintained by one creditor among many for the appropriation of the whole or any part of such liability to his own benefit, to the possible exclusion of all or any of the other creditors, but the remedy is in equity by a petition brought at the instance of one or more creditors and in behalf of all other creditors who may come in and be made parties plaintiff to the action." *Hill v. Jackson Stores*, 137 *Ga.* 174 (73 S. E. 13).

Where a suit to enforce such liability was expressly brought in behalf of the plaintiffs and all other creditors who might intervene and become plaintiffs in the action, and where the petition contained prayers for a judgment for the entire amount of the unsubscribed stock and for a recovery of a lesser specific sum alleged to be due the particular creditors who filed the suit, and also that "petitioners have such other and further relief as the facts in equity entitle them to," such prayers were appropriate to the cause of action and the remedy relied on, and constituted prayers for equitable relief. By the allegations and the prayers the suit was an "equity case," of which the Supreme Court alone had jurisdiction, and the Court of Appeals erred in assuming jurisdiction and in refusing to transfer the case to this court. *Bernstein v. Fagelson*, 166 *Ga.* 281, 287 (142 S. E. 862); *Pound v. Smith*, 146 *Ga.*

431 (2) (91 S. E. 405); *Avant* v. *Hartridge,* 174 *Ga.* 278 (162 S. E. 524). The cases of *Elberton & Eastern R. Co.* v. *Green,* 167 *Ga.* 891 (147 S. E. 65), and *Hunter* v. *Moss,* 169 *Ga.* 100 (149 S. E. 705), unlike the case at. bar, were suits at law to recover damages for neglect and mismanagement by the officers of the corporation.

3. Since it is held that the Court of Appeals erred in retaining jurisdiction, no adjudication will be made as to the other questions raised in the petition for certiorari, but the case will be decided upon the original bill of exceptions and record after the Court of Appeals shall have transferred the same to this court, as provided by the constitution. See Civil Code (1910), § 6502.

*Judgment reversed. All the Justices concur.*

No. 8975. DECEMBER 19, 1932.

*Boyd Sloan, assistant attorney-general,* and *Joseph G. Collins,* for plaintiff.

*J. B. Jones* and *Tutt & Brown,* for defendant.