BEAVERS v. LeSUEUR et al.

No. 13315. DECEMBER 5, 1940.

R. J. Bacon, for plaintiff.

Dykes, Bowers & Dykes and Fort, Fort & Fort, for defendants.

ATKINSON, Presiding Justice. ■ When this case was formerly before this court it was held: "A stipulation in a deed that it is given to secure a specified note and future advances, and that it 'shall also operate as security for any and all other indebtedness which the grantor herein may now owe or may hereafter owe to grantee,' does not embrace a contingent and unliquidated claim for damages based upon an alleged breach by the grantor of an independent contract of employment entered into by him in his professional capacity as an attorney at law; hence the security deed

was not subject to foreclosure for the enforcement of such claim."
*Beavers* v. *LeSueur,* 188 *Ga.* 393 (3) (3 S. E. 2d, 667).

■ R. L. LeSueur was maker of the security deed. Beavers was the grantee. LeSueur afterwards executed to his wife a deed purporting to convey the land embraced in the security deed and other lands. The deed contained a covenant binding Mrs. LeSueur to pay off the security deed, but "not to assume the debt." The action instituted by Beavers was against LeSueur and his wife, to (a) foreclose the security deed for the existing debt and damages for breach of a contract made afterwards by LeSueur; (b) reform the security deed; and (c) cancel the conveyance from husband to wife, on the ground that it was executed in pursuance of a scheme with the intention and purpose of both parties to enable the husband to hinder, delay, and defeat collection of plaintiff's demands. LeSueur by amendment to his answer pleaded payment into court, as continuing tender, the amount of the existing debt, such tender having been made shortly after commencement of the suit. The judge overruled the demurrer to the amendment, and on the pleadings dismissed the wife as a party to the case, and all equitable features, but retaining the case solely against LeSueur for recovery of damages. A trial of the feature of the case thus left resulted in a verdict for defendant. The plaintiff moved for new trial, but failed to present a brief of evidence, and the motion was dismissed. Before that motion the plaintiff had filed the present bill of exceptions which assigns error solely on the judgment striking the name of the wife as a party, and all equitable features of the case. After the bill of exceptions was certified and after dismissal of the motion for a new trial, the plaintiff filed exceptions pendente lite to the same judgment on which error was assigned in the bill of exceptions. *Held:*

(a) The judgment on which error is assigned left the case pending as to LeSueur, and consequently it was not such a final judgment as would authorize a bill of exceptions to this court. *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59).

(b) Even if the judgment dismissing Mrs. LeSueur as a party defendant would be ground for bringing the case to the Supreme Court before final trial of the case in the superior court, in view of the payment into court, as continuing tender to pay the secured debt, and the subsequent final judgment for LeSueur on the de-

mand against him for damages, a reversal of the judgment against Mrs. LeSueur would be fruitless except for cost. The judgment will not be reversed merely to enable the plaintiff in error to recover cost. See *Eiswald* v. *Southern Express Co.*, 60 *Ga.* 496; *Jeter* v. *Davis,* 33 *Ga. App.* 733, 740 (127 S. E. 898), and cit.

*Judgment affirmed. All the Justices concur.*