20327. LAKEN *et al. v.* SUNBRAND SUPPLY COMPANY *et al.*

ARGUED JANUARY 14, 1959—DECIDED APRIL 9, 1959.

*Sam F. Lowe, Jr., Smith, Field, Doremus & Ringel, Will Ed Smith, Davis & Friedin, Roy B. Friedin,* for plaintiffs in error.

*R. McCormick, J. C. McDonald, Gower & McCormick, Cecil D. Crummey, McDonald & McDonald, Otis L. Hathcock, Mixon & Forrester, C. Arnold Shulman, D. E. Turk,* contra.

DUCKWORTH, Chief Justice. The foregoing summary of the voluminous pleadings reveals that the simple issue for decision is whether pleadings subsequent to the original petition allege a new cause of action against unnecessary and improper parties to the original suit, which was plainly one for a receivership brought by creditors against a corporation. Whatever is alleged as cause for making the plaintiffs in error parties and for relief against them is obviously foreign to the action for a receiver. Nothing alleged against either of them would constitute a ground for the relief originally sought, which was only a receivership.

No evidence in support of the original suit would prove any allegation against the nonresident new parties. In *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 792 (48 S. E. 318), this court enumerated some of the tests that would determine if a new cause of action is alleged. These are: (1) whether the original petition and the amendment would be subject to the same plea; (2) whether the same evidence would support both; (3) whether the same measure of damages is applicable to both; (4) whether both could have been pleaded cumulatively in the same count; and (5) whether an adjudication upon one would bar a suit under the other. Certainly the amendments here would fail under each and all of those tests. "New and distinct matters, not involved in the original action, may not be introduced by cross-action, and a cross-action which sets up matters of defense not germane to the case made by the petition is not maintainable." *Bowles* v. *White,* 206 *Ga.* 343 (1, 2b) (57 S. E. 2d 187). The rule just quoted demolishes all that is set forth in the answer of the defendant corporation, aside from answering whether or not a receiver should be appointed for it. It is inadmissible to combine numerous parties and causes of action under the claim of avoiding a multiplicity of suits. "No amendment adding a new and distinct cause of action . . . shall be allowed unless expressly provided for by law." Code § 81-1303. This rule applies to equity cases. *Roberts* v. *Atlanta Real Estate Co.,* 118 *Ga.* 502 (45 S. E. 308); *Magid* v. *Byrd,* 164 *Ga.* 609 (139 S. E. 61). Of course it is provided by law that necessary parties may be added. Code § 37-1005. This does not include unnecessary and even improper parties, as was sought to be done here.

We believe that every controlling question here involved is controlled in favor of the plaintiffs in error by the full-bench decision of this court in *Franklin Bank-Note Co.* v. *Augusta &c. Ry. Co.,* 102 *Ga.* 547 (30 S. E. 419). The material facts here and there are substantially the same. There, as here, the original action by creditors against a corporation sought a receivership. There, as here, it was sought to amend by making a number of private persons parties and alleging fraud upon the part of such persons and praying for a judgment rendering

them liable. This court there said (headnote 2), and we quote it as definitely applicable here, "whether these persons were or were not primarily liable, such an amendment was not germane to the action as brought, and undoubtedly set forth an entirely new and distinct cause of action."

The court erred in making these plaintiffs in error parties over their timely objections.

*Judgment reversed. All the Justices concur.*