21849.   ASKEW v. NEWNAN FEDERAL SAVINGS
& LOAN ASSOCIATION et al.
21850.   NEWNAN FEDERAL SAVINGS &
LOAN ASSOCIATION v. ASKEW et al.

504

*Latimer & Allen, T. Charles Allen,* for Askew.

*Glover & Davis,* for Newnan Federal Savings & Loan Assn. et al.

ALMAND, Justice. The main bill of exceptions assigns error on the order of the trial court sustaining certain general and special demurrers of the defendants to plaintiff's amended petition and dismissing the same. The cross-bill of exceptions assigns error on the order of the court overruling certain demurrers of the defendant, Newnan Federal Savings & Loan Association (hereinafter referred to as "Newnan Federal") to an amendment to plaintiff's petition.

In her original petition against Newnan Federal, Mrs. Johnnie B. Askew alleged that in July, 1959, she was the owner of a house and lot and that she executed a deed conveying her property to Newnan Federal to secure an indebtedness of $30,000; that with the express knowledge and concurrence of the defendant, the proceeds of the loan were paid to cover the indebtedness of petitioner's husband to other named parties; that the conveyance by her to Newnan Federal was null and void under *Code* § 53-503 in that the conveyance was made to secure the payment of the debts of her husband. Her prayers were that Newnan Federal be enjoined from selling her house and lot at a foreclosure sale and that the loan deed to Newnan Federal be canceled.

In September, 1962, the plaintiff filed an amendment to her original petition, filed in August, 1962, which amendment was allowed by the court subject to objection, in which she struck all of the paragraphs and prayers of her original petition. The amendment in substance named as defendants Newnan Federal and The Manufacturers National Bank of Newnan (hereinafter referred to as "Bank"). She alleged a series of business trans-

actions between the Askew Lumber Company, a partnership composed of her husband and others, the M. B. & E. Construction Company, Inc., a corporation controlled by her husband, and the defendant Bank. The amendment further alleged that in January, 1957, she signed a note in the sum of $12,500 to the Equitable Life Assurance Company and executed a deed conveying her house and lot to secure this loan; that at this time the partnership, Askew Lumber Company, was indebted to the defendant Bank in the sum of approximately $90,000 and the proceeds of the Equitable Life loan were paid on this debt and the Bank knew that her funds were being so used for the payment of her husband's debt; that the Askew Lumber Company, Inc. was a successor corporation to Askew Lumber Company, the partnership, and was controlled by her husband; that her husband and Askew Lumber Company, Inc., in July of 1959, were heavily in debt to the defendant Bank and the president of the Bank suggested to her husband that he endeavor to obtain a loan from the defendant, Newnan Federal, to reduce his indebtedness to the Bank; that in July, 1959, a loan of $30,000 was obtained from Newnan Federal and the plaintiff executed a deed conveying her house and lot as security for the loan; that the proceeds of this loan were used to pay off the Equitable Life loan and to reduce the debts of her husband and Askew Lumber Company, Inc. to the defendant Bank; that subsequently she conveyed her house and lot by warranty deed to Askew Lumber Fabricators, Inc., an additional corporation formed by her husband and others, which corporation did subsequently, as security for its debt to the Bank, convey said house and lot by the execution of a security deed, said conveyance being made subject to the $30,000 Newnan Federal loan; that thereafter the defendant Bank foreclosed on its note from Askew Lumber Fabricators, Inc. and sold all the property covered by its note of $58,699.57 with the exception of petitioner's house and lot which were thereafter reconveyed to her by the corporation. She further alleged that five of ten directors of Newnan Federal were also directors of the defendant Bank; "that all of the transactions hereinbefore described were transactions attempting, with the knowledge of both defendants, by arrangement and scheme

to have your petitioner pledge her individual property as security to pay the debts of her husband receiving nothing whatsoever as consideration or monetary benefit to herself" and that the transactions violated *Code* § .53-503. She further alleged that Newnan Federal was advertising the real estate for foreclosure sale. Her prayers were: ". . . (3) That defendant Savings and Loan Association be enjoined temporarily and permanently from selling at foreclosure sale or otherwise encumbering said property in violation of Georgia Code Section 53-503; (4) That defendant Manufacturers National Bank be enjoined temporarily and permanently from selling at foreclosure sale or otherwise encumbering said property in violation of Georgia Code Section 53-503; (5) That the deed to secure debt ·from petitioner to defendant Savings and Loan Association be cancelled ·of record; (6) That the deed to secure debt from Askew Lumber Fabricators, Inc. to the defendant Manufacturers National Bank be canceled of record; . . ."

The defendant, Newnan Federal, filed general and special demurrers to the amended petition. Grounds 1 and 2 of the demurrers were that the amendment attempted to make new parties defendants in the suit and to allege a new and different cause of action. These grounds were overruled and the cross-bill · of exceptions assigns error on these rulings. The court sustained other general and special demurrers and dismissed the petition, on which rulings error is assigned by the plaintiff in the main bill of exceptions.

As ·we view the case, it will be unnecessary to pass on the assignment of error in the main bill of exceptions. In *Rogers v. Carter*, 177 Ga. 605 (2), supra, it was held: " 'When the Supreme Court has before it both a main bill of· exceptions and a cross-bill of exceptions, and the latter presents a question which is controlling upon the case as a whole, it will be disposed of first; and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed.' *Chidsey v. Brookes*, 130 Ga. 218 (60 SE 529, 14 AC 975); *Moore v. Kiser*, 144 Ga. 460 (2) (87 SE 403); *DeLoach v. Georgia Coast & Piedmont Railroad Co.*, 144 Ga. 678 (3) (87 SE 889); *Wood v. Turner*, 147 Ga. 93, 95 (92 SE 878); *Fite v. Henson*, 157 Ga.

679 (9) (122 SE 412); *Sapp v. Davids,* 176 Ga. 265 (2) (168 SE 62)."

In our opinion the court erred in overruling grounds 1 and 2 of the defendant's demurrers. "Distinct and separate claims of or against different persons shall not be joined in the same action. Where the damage as well as the interest is several, each party injured shall sue separately." *Code* § 3-110. "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." *Code* § 81-1303. The demurrers properly raised the questions of introducing new parties and causes of action by amendment. See *Aycock v. Williams,* 185 Ga. 585 (196 SE 54). These rules govern in cases in equity as well as in law. See *Roberts v. Atlanta Real Estate Co.,* 118 Ga. 502 (45 SE 308); and *Laken v. Sunbrand Supply Co.,* 214 Ga. 804 (108 SE2d 323). In *George W. Muller Bank Fixture Co. v. Southern Seating &c. Co.,* 147 Ga. 106 (1, 2) (92 SE 884), it was held: "1. A suit in equity, based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness. 2. Where a petition is dismissed for such cause, the court will not rule upon the merits of the several claims set forth in the petition."

From a reading of the allegations of the amendment which are substantially set out above, it is evident that the plaintiff is attempting to assert two separate and distinct causes of action against two separate and distinct parties. Though she seeks to set aside two security deeds involving one tract of property, there is no common interest or nexus between the two alleged rights of cancellation. The two security deeds, involving two different grantors and grantees, grew out of separate transactions in which neither grantee had a common interest but were wholly unrelated one to the other.

The trial court should have sustained grounds 1 and 2 of the defendant's demurrers and dismissed the amended petition. The petition being subject to dismissal for such cause, the court will not rule on the other rulings of the trial court on the defendant's demurrers which are complained of in the main bill of excep-

tions. *George W. Muller Bank Fixture Co. v. Southern Seating &c. Co.*, 147 Ga. 106, supra. Direction is given, on the receipt of the remittitur, that the trial court enter an order of dismissal on grounds 1 and 2 of the demurrers.

*Reversed on the cross-bill; main bill dismissed. All the Justices concur.*