25778. SANDERS, Trustee v. CULPEPPER et al.

Argued May 12, 1970—Decided July 9, 1970—
Rehearing denied July 28, 1970.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellant.

*George C. Kennedy,* for appellees.

*Davis & Friedin, Roy B. Friedin,* for party at interest not party to record.

Mobley, Presiding Justice. Walter Sanders, as trustee in bankruptcy of the Atlanta Times, Inc., brought a complaint in Fulton Superior Court against numerous defendants, alleging that: The corporation was chartered by Fulton Superior Court in June, 1961, failed in August, 1965, and was adjudicated a bankrupt in the United States District Court for the Northern District of Georgia, Atlanta Division, in January, 1966. The plaintiff duly qualified as trustee in bankruptcy and brings this action under written order of the referee in bankruptcy. The defendants are stockholders in the corporation, holding unpaid shares of stock, and subscribers of unpaid shares of stock, as shown by an attached exhibit. The scheduled claims of creditors of the corporation are in the amount of $2,218,994.45, and all assets will not exceed $1,294,846.07. The action is brought in equity. The amounts due by the defendants constitute a trust fund for the payment of the debts of the corporation and the action is brought to marshal the assets to pay the indebtedness of the bankrupt corporation.

Demand was made for a decree in equity, that the action be maintained against all the defendants to avoid a multiplicity of suits and establish the plaintiff's equitable rights, and that the plaintiff have judgment against the defendants in the respective amounts shown by the attached exhibit.

The defendants Brooks and Marion Culpepper filed motions to dismiss the complaint for lack of jurisdiction, alleging that they are residents of Talbot County, Georgia. The trial judge entered an order on January 12, 1970, sustaining these motions. On February 5, 1970, the judge entered another order, reciting the former order, in which he held that "there is no just reason for delay in entering final judgment" in favor of these defendants, pursuant to § 54 of the Civil Practice Act (Ga. L. 1966,

pp. 609, 658; *Code Ann.* § 81A-154 (b)), and entered final judgment in favor of them, sustaining their motions to dismiss the complaint against them for lack of jurisdiction.

The trustee in bankruptcy appeals from these two orders.

■ We consider first the question of whether the appeal is premature. The instances in which judgments and rulings may be appealed are provided by Ga. L. 1965, p. 18, as amended by Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701). The only division of this statute applicable in the present case is Division 1, as follows: "Where the judgment is final—that is to say —where the cause is no longer pending in the court below."

This language has the same meaning as that portion of the former appellate statute providing that, "No cause shall be carried to the Supreme Court or Court of Appeals . . . while the same is pending in the court below. . ." Code of 1933, § 6-701. Under the language of the former statute, this court has held that where several defendants are sued jointly on a joint cause of action, and there is a final dismissal as to some of the defendants, the judgment of dismissal cannot be reviewed until the final termination of the action; but where several defendants are sued jointly, but not on a joint cause of action, the judgment of dismissal is such a final judgment as can be reviewed immediately. *Johnson v. Motor Contract Co.,* 186 Ga. 466 (1) (198 SE 59); *Veal v. Beall,* 189 Ga. 31, 33 (5 SE2d 5); *Beavers v. LeSueur,* 191 Ga. 361, 362 (12 SE2d 581); *Millers Nat. Ins. Co. v. Hatcher,* 194 Ga. 449 (1) (22 SE2d 99); *Moore v. Harrison,* 202 Ga. 814, 817 (44 SE2d 551); *Stanley v. Greenfield,* 205 Ga. 99 (52 SE2d 467).

The defendants in the present case were sued jointly, for the purpose of avoiding a multiplicity of actions, but not on a joint cause of action. A separate judgment is sought against each defendant on the separate contract of such defendant with the bankrupt corporation. Therefore the cause is no longer pending as to the two appellees, and the judgment is a final judgment subject to review.

■ "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Constitution, Art. VI, Sec. XIV, Par. III (*Code Ann.* § 2-4903).

There is a long line of cases decided by this court holding that a trustee in bankruptcy of an insolvent corporation may recover unpaid stock subscriptions from any number of persons in one equitable action, and may bring the action in the county of the residence of any of the defendants. See *Allen v. Grant*, 122 Ga. 552 (50 SE 494); *Spratling v. Westbrook*, 140 Ga. 625 (79 SE 536); *Carlisle v. Ottley*, 143 Ga. 797 (85 SE 1010, LRA 1917C 393, AC 1917A 573); *Chappell v. Lowe*, 145 Ga. 717 (89 SE 777); *McKey v. Wright*, 147 Ga. 662 (95 SE 217); *Story v. Belfor*, 155 Ga. 192 (116 SE 539).

The trustee in bankruptcy was authorized to join the defendants Brooks and Marion Culpepper in this equitable action, although the complaint was not filed in the county of their residence, and the trial judge erred in dismissing the complaint as to these parties.

*Judgment reversed. All the Justices concur, except Felton and Hawes, JJ., who dissent.*

FELTON, Justice, dissenting. I dissent from the ruling of the majority in Division 2 of the opinion and from the judgment of reversal. A careful study of the cases cited by the majority will disclose that there is only one case, *Story v. Belfor*, 155 Ga. 192 (116 SE 539), which holds that an avoidance of a multiplicity of suits converts strictly legal actions into equity actions by a trustee in bankruptcy where the actions brought were to recover unpaid stock subscriptions from numerous subscribers of stock in a corporation. Such an action is a legal claim. *Code* §§ 22-901, 22-903, 22-904. Every one of the other cases cited was held to be an equity case for a reason other than the one given in *Story v. Belfor*, supra. The case of *Hightower v. Thornton*, 8 Ga. 486 (52 AD 412), cited in many cases, sometimes inappropriately, held that an action by a judgment creditor of a defunct banking company could be brought in equity for a *proportional* contribution by the stockholders. There was no such recovery at law authorized. All of the other cases cited by the majority were held to be equitable (except *Story v. Belfor*) and the facts in those cases show them to be true equity cases.

Since *Hightower v. Thornton,* supra, a provision has been added to our Constitution, quoted in the majority opinion. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." *Code Ann.* § 2-4903. "Substantial relief" means *equitable* relief. *Wright v. Trammell,* 176 Ga. 84 (166 SE 866); *Fowler v. Southern Airlines, Inc.,* 192 Ga. 845 (2) (16 SE2d 897). This court does not follow a decision of its own if the decision is in conflict with a provision of our Constitution, nor does it follow a statute in conflict therewith. We should refuse to follow *Story v. Belfor,* supra, or any other case holding that separate and distinct legal actions can be joined, especially against those who do not reside in the county where the suit is brought. Appellants go far afield in comparing this case with *Hightower v. Thornton,* supra, and with *Mobley v. Rucker,* 176 Ga. 178 (167 SE 104) and others which are simply not just a "batch" of separate legal claims. "The right to be sued in the proper county is not merely technical, but is a substantial, constitutional right." *Railroad Commission v. Palmer Hardware Co.,* 124 Ga. 633, 649 (53 SE 193). "It is inadmissible to combine numerous parties and causes of action under the claim of avoiding a multiplicity of suits." *Laken v. Sunbrand Supply Co.,* 214 Ga. 804, 808 (108 SE2d 323). See also *Sayer v. Bennett,* 159 Ga. 369 (3) (125 SE 855); *I. Perlis & Sons v. National Surety Corp.,* 218 Ga. 667, 668 (129 SE2d 915). The same principle applies in joint trespasser cases. See *Lee v. West,* 47 Ga. 311 (2); *Ryner v. Duke,* 205 Ga. 280 (3) (53 SE2d 362). Kelley v. Gill, 245 U. S. 116 (38 SC 38, 62 LE 185), states the correct Georgia Law, to the effect that a court of equity has no jurisdiction, on the ground of avoiding a multiplicity of actions at law, of an action against a corporation which has been adjudicated a bankrupt to enforce collection of unpaid subscriptions by stockholders of such corporation, as the liability of each stockholder presents a separate controversy unconnected with that of any other. In the Kelley case (p. 120), the court stated that ". . . the cause of action sued on is the failure of the several stockholders to perform their unconditional promises to pay definite amounts at fixed times which have elapsed. The amount payable by one

is in no way dependent upon what is due from another. The corporation had a separate right against each alleged stockholder; and the remedy open to it was a separate action at law against each. The trustee rightly assumes that the corporation could not have brought a single suit in equity against all these stockholders, although a very large number of actions at law would be required to make collection of the balances unpaid on the stock. There was no common issue between these alleged stockholders and the corporation; and the liability of each would have presented a separate controversy unconnected with that of any other. Thus elements essential to jurisdiction in equity to avoid multiplicity of actions at law by the corporations were lacking."

The misconception of the import of certain cases relied on by appellant is illustrated by the rulings of this court in *Mobley v. Rucker*, 176 Ga. 178, supra, wherein this court held the case to be an equity case. In *Hill & Merry v. Jackson Stores*, 137 Ga. 174 (73 SE 13) the court explains the difference between a law action and an equitable action under Civil Code 1910 covering equitable recovery against stockholders who transact business before the minimum capital stock has been subscribed for. See also *John V. Farwell Co. v. Jackson Stores*, 137 Ga. 174 (73 SE 13).

If a majority of this court follows *Story v. Belfor*, 155 Ga. 192, supra, it will have joined the judges participating in that case in amending the Constitution of the State of Georgia by repealing the provision quoted at the beginning of the majority opinion—a function which I think is beyond our jurisdiction.

I sincerely believe that the majority has the erroneous conception that in all circumstances where a *representative* of creditors, whether called a trustee or receiver, or like term, holds the assets of a defunct corporation for creditors, he is entitled to sue *in equity* to recover from stockholders the full balance due upon their stock subscriptions, where the action shows the debts to be separate and distinct *legal* claims. Before the law gave a *legal* cause of action, as held in older cases, equity gave a remedy to recover *proportional* parts of the subscriptions, not all. This erroneous conception will lead to all kinds of absurd results.

Does the receiver or trustee of a defunct corporation have a complaint in equity on the promissory notes owned by the corporation? No, because one does not need to resort to *equity* when he has legal title to proceed upon. The rulings by this court in *Lyle v. Keehn,* 195 Ga. 508 (24 SE2d 655) answers every question in this case as will readily be seen by a mere casual reading. Where a claim has been reduced to a legal claim, an action against stockholders is a legal and not an equitable action and a stock subscriber may not be sued jointly with another outside the county of his residence. *That is the instant case.* The claims sued on in this case are purely legal claims, made so by the Code sections above cited. There is no effort to recover *proportionate* amounts from stockholders. There is no effort to collect *proportionate* amounts to *cover dividends paid out of capital assets.* There is no effort to collect debts incurred because business by the corporation was begun before the minimum capital was subscribed. There is no basis under the sun on which to base an equitable claim in this case, except a *legal claim,* plus avoidance of a *multiplicity of suits.* In my opinion only one case in Georgia supports such a basis and that is *Story v. Belfor,* supra. The opinion in *Lyle v. Keehn,* supra, has all the answers. I am fearful that other judges who follow us will interpret this case to mean in effect that all one needs to sue citizens outside the counties of their residence is to show a legal claim and a suit by a representative of creditors and avoidance of a multiplicity of suits. If this happens, the representative of the creditors of a defunct corporation can sue citizens of Georgia, living in 158 counties, on accounts or notes due, in the County of Fulton. That can happen if all that a representative of creditors needs is a separate legal claim against each defendant and convenience of avoiding a multiplicity of suits. This court in this instance has failed in its duty to preserve and defend the Constitution.

The plaintiff originally prayed for a money judgment against each subscriber sued, and they were not all sued, but the complaint was amended to pray for a *decree in equity* in lieu of a money judgment. I think the wrong end of the petition was amended. Allegations of fact showing a case in equity instead

of a purely legal action were evidently not offered as an amendment because such an allegation would not have stated the truth.