## HAWKINSVILLE BANK & TRUST COMPANY v. WALKER.

*Simmons, C. J.*—1. This court will not reverse a trial judge for refusing to allow certain questions to a witness to be answered, when it does not appear what testimony was thereby sought to be elicited.

2. Mere inadequacy of consideration in a deed from a husband to his wife, even if he were insolvent at the time of its execution, will not of itself alone avoid the deed at the instance of creditors, if there was no intention to hinder, delay or defraud them. The inadequacy of consideration, if gross, would be a badge of fraud, and might be so gross, when combined with other circumstances, as to amount to proof of actual fraud.

3. Although the consideration expressed in a deed to realty from a husband to his wife may be so grossly inadequate as to suggest fraud, yet if it appears that the property, when originally purchased by and conveyed to the husband, was paid for with the wife's money, the deed from him to her may be upheld as *bona fide.*                 *Judgment affirmed.*

July 13, 1896. By two Justices.

Levy and claim. Before Judge Smith. Wilcox superior court. September term, 1895.

An execution against S. D. Walker, from a judgment of April 12, 1894, was levied on a house with the lot on which it was erected, in the town of Abbeville. A claim to the property was interposed by his wife. It appeared that at the date of the levy, June 4, 1894, both she and her husband were living in the house levied on. She relied upon a deed from her husband, dated April 27, 1892, and recorded March 25, 1895, conveying the property in question for the expressed consideration of $340. Her

husband testified: The property levied on is a part of that described in the deed. I conveyed it to my wife on the day of the deed, and she paid me $340 in money. I sold her the place because I needed the money. I did not try to sell it to any one else. Before I sold it to her I bargained one half-acre in one corner to Stubbs for $300. He was to pay by a certain day, and he not doing so, I would not let him have the land. I offered him $25 to cancel the trade we had agreed to. The land bargained to him did not have the dwelling-house on it and was about a quarter of the land I sold my wife. I built the dwelling-house, and it cost me over $1,000, besides the fences and outhouses. I built before the sale to my wife. Do not know what the place is worth; would like to get $2,000 out of it. It was my wife's money that first paid for the land when I bought. I did not notify the parties from whom I bought, but bought in my own name. Did not notify plaintiff of this fact when my indebtedness to it was created, nor afterwards.

For plaintiff it appeared, that the debt on which the judgment is founded was made in February, 1890; and that the property in question was worth about $1,500 at the time it was conveyed to claimant, and is now worth about $2,000.

Verdict was rendered for the claimant, and plaintiff's motion for a new trial was overruled. The grounds of the motion are, that the verdict is contrary to law and evidence, and that the court erred in refusing to allow plaintiff's counsel to ask Walker, as a witness, the following questions: "When you conveyed the land described in the deed in evidence to your wife, did you own any other real estate?". "When you conveyed the land described in the deed in evidence to your wife, did you claim any other real estate?" "When you conveyed to your wife the land described in the deed in evidence, did you not at the same time sell her the hotel property across the street?" "When you made to your wife the deed in evidence, did you not at the same time, and

for the same identical consideration, sell her the hotel property across the street?" "At the time you made the deed in evidence to your wife, did you claim any other property?" "At the time you made the deed in evidence to your wife, did you own any other property?"

Also, that the court erred in not charging the jury, though not so requested, that gross inadequacy of consideration in a deed from a husband to his wife is a badge of fraud in a contest between a creditor of the husband, whose debt was created prior to the date of the deed to the wife.

Also, that the court erred in charging: "I charge you that if you find that the consideration of the deed from the defendant in *fi. fa.* to the claimant was grossly inadequate, before you would be authorized to find a verdict in favor of the plaintiff upon that ground, you must further find from the evidence that the intention of the defendant in *fi. fa.* was to hinder, delay and defraud creditors, and that he, defendant, was insolvent at the time."

*Hal Lawson*, for plaintiff.