### CHARLES SULLIVAN et al.

*v.*

### INTERNATIONAL BAKING COMPANY.

[Submitted January 27th, 1900.  Decided February 7th, 1900.
Filed November 17th, 1900.]

While the firm of W. & S. was indebted to a certain creditor, S. sold his interest to G., who failed to pay the agreed consideration, and who sold to A., who refused to pay the consideration. After the firm became insolvent a newly-organized corporation received its assets, and in consideration therefor agreed to pay the firm debts, and issued stock to W. and A., and to one who had loaned money to the firm after the debt to said creditor had been contracted.—*Held*, that a sale of the corporate assets, acquired from the firm, under a judgment obtained by the creditor against the firm of W. & S., after the formation of the corporation, transferred a valid title, as against a receiver of the corporation who was appointed at the day of the sale, in proceedings commenced after the judgment was rendered, where the corporation had contracted no new obligations.

Heard on petition and answer of William V. Mulford, receiver, and evidence produced in open court.

Mr. Doremus is the receiver appointed by this court in insolvent proceedings of the International Baking Company. The petitioner complains that as such receiver he has in possession certain goods and chattels which belong to the petitioner, and prays that he may be directed by this court to deliver the same to him.

The chattels consist of the machinery, implements, &c., constituting a bakery plant, which were in the possession of the insolvent corporation at the time of the appointment of the receiver, but were at that time subject to the levy of an execution in the hands of a constable founded on a judgment in favor of a firm composed of Smith and Morehouse, doing business under the name of C. Smith & Company, against a firm of Walker &

Strachan, who, it is admitted, were once the owners of the plant, and transferred it to the baking company after the accrual of the debt which was the basis of the judgment, and before the recovery of the judgment.

The petitioner, who purchased the goods at constable's sale under the judgment, asserts that the transfer from Walker & Strachan to the baking company was made after Smith & Company's debt accrued, and without any valuable consideration, and was fraudulent and void as against the judgment creditors, C. Smith & Company, because it tended to hinder and delay them in the recovery of their debt. And that was the point litigated. No question was made as to the power and propriety of the court proceeding in this manner to determine the question.

*Mr. James E. Howell,* for the petitioner.

*Mr. John J. Joyce,* for the receiver.

PITNEY, V. C.

At and before the 20th of March, 1899, Walker & Strachan were partners engaged in the business of baking, and were the owners of the plant here in controversy. Between March 20th and May 24th, 1899, they became indebted to C. Smith & Company in the sum of about $170. About the 20th of May, Mr. Strachan sold out his interest in the firm to a Mr. Germer for $2,000, and took his promissory note for the same. The business continued as before, and part of the terms of the sale was that the new concern was to assume all the existing debts. Mr. Germer, apparently, soon perceived that the business was a losing one, and his interest in it of no value, and sold out that interest to a Mr. Sullivan. Sullivan never paid Germer anything, for the reason that he found that Germer had not paid Strachan, and was not likely to do so. The fair inference from the facts and circumstances is that Germer was a man of no pecuniary responsibility. The object of bringing Sullivan in was to increase the business of the plant, so that it might make a profit instead of being conducted at a loss, as it was at that time, and Sullivan interested himself in the direction of increasing the business.

The concern at that time was indebted in the sum of $4,600, in which was included, with C. Smith & Company's claim, a debt of $1,000 for borrowed money which it had just procured on the note of the firm from a Mr. Steenburg. That $1,000 was placed in bank to the credit of the firm, and was expended in part payment of its floating indebtedness. The probable motive of Steenburg in making the loan was that his son might be employed by the concern. Then, on the 29th of May, the International Baking Company was formed by Walker, Steenburg, Jr., and Sullivan, and afterwards, on July 26th, it purchased the plant from the firm at an expressed price of two hundred and fifty shares in the corporation, and issued shares of stock therefor to Walker and Sullivan. Not a dollar in cash was paid for the stock so issued. One thousand dollars of additional stock was divided among Walker, Sullivan and young Steenburg on the strength of the $1,000 which the elder Steenburg had loaned to the firm of Walker & Germer, and the plant and other assets and good will were transferred to the corporation by a bill of sale dated July 26th, 1899, which expressly assumed all the debts of the partnership. Not a dollar in money was paid for the transfer. When Mr. Sullivan looked into the finances of the corporation he found a sum of money in the treasury of less than $50, which came from the firm.

The business had been previously, and continued to be, conducted at a loss until the 27th of September, when the bill praying for the appointment of a receiver was filed.

In the meantime suit was brought by C. Smith & Company on their demand against the firm of Walker & Strachan, judgment was recovered September 19th, and levy made before the bill for the receiver was filed. The property was properly advertised for sale, and sold by the constable October 2d for $460, and purchased by Mr. Mulford. The receiver was appointed the same day.

The sum bid was paid by Mulford to the constable in cash, and C. Smith & Company's execution was paid out of it, and the balance retained by the constable to answer any demand for arrears of rent which were then due.

If the transfer to the corporation had been made directly by

Sullivan *v.* International Baking Co.

the original defendants in execution, Walker & Strachan, I should say the case was not debatable. The circumstances satisfy me that the firm was substantially insolvent at the time of the transfer, and, as I have stated, no consideration was paid. The issuing of shares of stock to the members of the firm was not a valuable consideration, for the reason, among others, that it had no intrinsic value, and was, with the exception of the shares issued to Steenburg, issued to the very individuals who owed the debts of the firm. The effect was simply to put the title of the property and assets of the partnership in a corporation which assumed the payment of the debts of the partnership, including those of C. Smith & Company, without the least pecuniary ability to pay them. The result was unlawfully to hinder and delay the creditors in the enforcement of their claims against the partnership property.

The only question is whether the withdrawal of Strachan and the substitution in his place of Germer, and afterwards of Sullivan, changed the character of the transaction. I am of the opinion that it did not. Germer never paid Strachan anything, and Sullivan never paid Germer anything; but in point of fact the shell of an indebtedness from Sullivan to Germer, and Germer to Strachan, was later on settled by a transfer of shares of stock in the corporation from Sullivan to Strachan.

But further, the debt from Walker and Strachan to Smith & Company became by assumption, and was in equity, the debt of the partnership, which was constituted at the moment of the transfer to the corporation. So that the change in the personality of the composition of the firm becomes quite immaterial.

No new rights were acquired by any person by the transfer to the corporation, and so far as appeared at the hearing by any of its business operations during its short life—two months. It collected some of the dues to the partnership, bought its supplies in cash, and incurred no new indebtedness.

I will advise a decree accordingly.