8191. CALHOUN *v.* ARNOLD, administrator.

A bail-trover action can not be amended by adding a new and distinct
cause of action, the result of which would be to change the suit to an
equitable proceeding.

DECIDED SEPTEMBER 19, 1917.

Trover; from Dooly superior court—Judge George. August 18, 1916.

*Powell & Lumsden, W. H. Lasseter,* for plaintiff in error.

*L. L. Woodward, Crum & Jones,* contra.

BLOODWORTH, J. W. E. Arnold, as administrator of E. G.
Arnold Jr., brought a bail-trover action against F. B. Calhoun, to
recover a certain life-insurance policy issued by the American National Life Insurance Company to and on the life of E. G. Arnold
Jr., and made payable to the estate of E. G. Arnold. He alleged
that demand for said policy had been made and refused, and
prayed that he might "have judgment and decree against said
F. B. Calhoun for the delivery of such insurance policy to him or
his successors in office, or the value thereof." Plaintiff filed an
amendment, portions of which were but amplifications of the allegations in his original petition—and in which he adhered to his
original cause of action—and other portions of which sought to
change the trover suit into an equity cause. The prayers of the
amendment were: "(a) That said insurance policy be impounded, brought into court by the defendant, and that a receiver be appointed by the court to take possession of such insurance policy and enforce collection thereof from the insurer,
before suit thereon is barred by the statute of limitations, or of the
terms of the contract of insurance, and that the avails of such insurance policy be distributed to all lawful claimants therein by

decree of the court in this case. (*b*) That the rights of the plaintiff as administrator of the decedent, and of the heirs at law of said decedent, and of the defendant in such policy and avails thereof be ascertained by the court in this case, and that a decree of the court setting up such rights be made and entered upon a verdict of the jury in this case; and that a final decree be entered, establishing all the rights of the parties therein in this case. (*c*) That the court, on the trial of this case, grant the petitioner such other and further relief, both legal and equitable, in the premises, as the facts of the case, under the law, allow. Petitioner will ever pray." A demurrer was filed, in which it was alleged that the amendment set out a new and distinct cause of action, and the second ground of which was as follows: "Said original suit is an action founded upon a tort—that is, a trover action brought for the recovery of a certain life-insurance policy, and can only be supported by proof of title, the sole question being whether the title to the policy is in the plaintiff or defendant, while the amendment undertakes to set up new and distinct equitable reasons why plaintiff should recover of defendant." The court overruled the demurrer. In so far as this applied to that portion of the amendment which sought to convert the trover action into an action in equity, this was error. "A plaintiff can no more amend his declaration for a legal cause of action by adding a new and distinct cause of action thereto, or new and distinct parties, under the pretext of an equitable proceeding, than he could amend his declaration for an equitable cause of action by adding a new and distinct cause of action, or new and distinct parties thereto, inasmuch as the law prohibits it in both cases." *Long* v. *Bullard,* 59 *Ga.* 355, 358. See also Civil Code (1910), § 5683; *McKenzie* v. *Loew Mfg. Co.,* ante, 33 (93 S. E. 504).

The court having erred in allowing the amendment, all other proceedings were nugatory, and the court erred in refusing a new trial.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*