16399. TROUP *et al.* v. TOMBERLIN.

New and distinct parties can not properly be added by amendment in a proceeding to remove obstructions from a private way; and in this case the allowance of the plaintiff's amendment adding new parties defendant is ground for reversal, although the ordinary, in his final judgment, found in favor of and discharged the new parties.

DECIDED NOVEMBER 16, 1925.

Certiorari; from Irwin superior court—Judge Eve. March 5, 1925.

J. O. Tomberlin filed with the ordinary of Irwin county a petition against Mrs. Mary Troup for the removal of certain obstructions in an alleged private way. Mrs. Troup filed her response and demurred to the petition on the ground that since the petition charged that the defendant, by her agents and servants, had obstructed the said road, it should have stated but failed to state who these agents and servants were. The demurrer was overruled, and on certiorari the superior court remanded the case with instructions that the ordinary sustain the demurrer of Mrs. Troup, unless such amendment were made. When the case went back to the ordinary, the plaintiff filed an amendment in which he struck the allegations of agency and alleged that the obstruction was the act of Mrs. Troup and Leon and Jake Troup, and prayed that Leon and Jake Troup be made parties defendant. The ordinary passed an order making the two last-named persons additional parties defendant, subject to demurrer, and providing for service of the order on all three of the parties. The two newly added defendants and Mrs. Troup demurred to the petition as amended, and filed a motion to vacate the order of the ordinary making them parties defendant, alleging that such procedure was unauthorized, as joining new and different parties without cause or reason for such action being shown, and that the order was ex parte and passed without first giving these defendants a right to be heard. Both the motion and the demurrers were overruled. The trial resulted in a judgment finding that these two newly made defendants be dismissed from the case, with judgment against the plaintiff for their costs, and a judgment against Mrs. Troup requiring her to remove the obstructions; and a judgment against her for costs. Whereupon all three defendants sued out certiorari. The certiorari was overruled, and all three defendants joined in the present bill of exceptions, assigning error upon the judgment overruling the certiorari. They contended that the ordinary erred in permitting the plaintiff to add new parties defendant, and that he erred in permitting statements which had been made by one of these new parties, in his testimony given as a witness at the previous trial and before he became a party, to be proved as admissions on the second trial. On the other hand, it was contended that inasmuch as these two new defendants were ultimately dismissed from the case, the question of their being added as parties had become a moot question.

*A. J. & J. C. McDonald,* for plaintiffs in error.

*Philip Newbern,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided by law." Civil Code (1910), § 5683. So far as we know, there is no express statute permitting new and distinct parties to be added in cases of the removal of obstructions from private ways; and counsel have not brought to our attention such a statute. Accordingly, under the foregoing section of the code, it was error for the ordinary, in the progress of a proceeding to remove obstructions from a private way, to permit the plaintiff to add new parties defendant to the action; and the fact that the ordinary, in his final judgment, may have found in favor of and discharged such new and additional parties under the evidence submitted, does not prevent the original defendant from standing upon her rights, under the statute, to have her defenses tried independently of and unaffected by the rights and conduct of persons illegally made codefendants in the litigation. Especially would the soundness of such a rule appear manifest when upon the trial previous statements of one of such new defendants are admitted in evidence as admissions.

2. Such new and additional parties defendant having been illegally made, over their own and the original party's objections, all subsequent proceedings in the case became nugatory; and the superior court, on certiorari, should have remanded it to the ordinary for a new trial, to be had in accordance with his previous order unexcepted to.

*Judgment reversed. Stephens and Bell, JJ., concur.*