## VARN INVESTMENT COMPANY *v.* BANKERS TRUST COMPANY *et al.; et vice versa.*

1. The judge did not err in charging the jury as follows: "If you believe from the evidence in this case that the defendant in fi. fa., Mr. G. W. Varn, transferred either or both of the tracts known as city tracts and described in the levy, and did so with the intention to hinder, delay, or defraud his creditors, then as to him such transaction, as to either or both of such tracts, would be void; and if you find that the Varn Investment Company ever bought the property, and at the time of the purchase they knew or had reasonable grounds of suspicion that such was the intent and purpose of Mr. Varn, then as to them the transaction would be void, and in such case you would find the property subject, either or both tracts, as the case may be."

2. In view of the entire charge of the court under the facts of this case, the following excerpt therefrom does not require a new trial: "If you believe and find from the evidence that the defendant, G. W. Varn, organized the corporation known as the Varn Investment Company, the

Appeal and Error, 4 C. J. p. 905, n. 41.
Executions, 23 C. J. p. 605, n. 72.

claimant in this case, for the object and purpose of conveying his property to said corporation in fraud of his creditors, and if you further believe from the evidence that the defendant, Varn, did convey his property in this State to said corporation so organized, receiving stock of said corporation in exchange for said property, then I charge you that the law will not regard such corporation as a separate artificial person, so as to support such conveyances, and you will find the property so conveyed subject to the plaintiff's debt."

3. Neither the charge as a whole on the subject as to what constitutes badges of fraud, nor the excerpts therefrom, as set out in the opinion, is erroneous for any reason assigned.

4. The verdict is supported by the evidence, and the court did not err in overruling the motion for new trial.

Nos. 6104, 6105. FEBRUARY 17, 1928. REHEARING DENIED MARCH 1, 1928.

Claim. Before Judge W. E. Thomas. Lowndes superior court. May 24, 1927.

*J. B. Copeland, E. K. Wilcox,* and *T. G. Connell,* for plaintiff in error in main bill.

*Whitaker & Dukes, Smith, Hammond & Smith,* and *Gordon Knox,* contra.

HILL, J. This is a levy and claim case, involving the bona fides of certain conveyances of real estate of G. W. Varn, the defendant in fi. fa., to the Varn Investment Company, the claimant. On the trial a verdict was returned finding the property levied upon subject to the fi. fa. levied thereon. Varn Investment Co. filed a motion for new trial on the usual general grounds, which was subsequently amended, excepting to certain excerpts from the charge of the court. The motion was overruled, and the claimant excepted. The Bankers Trust Co., as transferees of the fi. fa. levied upon the property in controversy, filed a cross-bill of exceptions. On the trial the court charged the jury as stated in headnotes 1 and 2, and as follows:

"There may be circumstances attending the conveyance and transfer of property intended to hinder, delay and defraud creditors, which are denominated 'badges of fraud.' These badges of fraud do not, in themselves or per se, constitute fraud, but are rather signs or indicia from which its existence may be properly inferred as matter of evidence. The law furnishes no test by which fraud can be determined, further than to adjudge what acts constitute badges of fraud.

"If a transfer or conveyance of property is made by a debtor after a suit has been begun, and while it is pending against him.

this is a badge of fraud, and especially so if it leaves the debtor without any estate or greatly reduces his property.

"The transfer or conveyance of all, or nearly all, of his property by a debtor, especially when he is financially embarrassed, is a badge of fraud, not being in the usual course of business.

"Circumstances indicating excessive effort to give the transfers or conveyances the appearance of fairness or regularity, which are not usually found in such transactions, are to be regarded as badges of fraud.

"Where the circumstances under which a transfer of property by a debtor is made are suspicious, the failure of the parties to testify, or to produce available explanatory or rebutting evidence, is a badge of fraud. The presumption is that if they could have truthfully testified to facts showing the bona fides of the conveyance, they would have done so.

"Retention by the grantor of the possession of the property transferred is a badge of fraud, to be considered in connection with other circumstances of the case, in determining the good faith of the conveyance or transfer.

"In the case of a conveyance of property, when the buyer employs the seller to carry on the business or property conveyed, so that the seller uses and controls the property as he did before the sale, it is a circumstance which the jury may consider in passing upon the validity or invalidity of the transaction, and creates a strong presumption of fraud.

"The failure to examine property, or take an inventory of goods bought, or looseness or incorrectness in determining the value of the property conveyed, may be badges of fraud."

Error is assigned on each of these paragraphs of the charge, separately as well as collectively. In the view we take of the case, we will elaborate only the third special ground of the motion for new trial, where error is assigned because the court charged the jury as stated in headnote 2. It is insisted that the foregoing charge was error, for the reasons: (a) By it the court in effect made the validity of the conveyances in question depend entirely upon the intention and purpose of G. W. Varn, who made them, and eliminated from the consideration of the jury, as a necessary element or fact to be considered in determining the question whether or not they were valid, the presence or absence of good

faith on the part of the claimant and its officers and stockholders other than G. W. Varn, who represented and acted for it in taking said conveyances and issuing certain of the shares of its capital stock in consideration therefor.    (b)   No matter if the intention of G. W. Varn in transferring the property was fraudulent, and it was his intention to put it beyond the reach of his creditors, yet if the claimant and its officers and stockholders other than the defendant in fi. fa., who represented it in its organization and in accepting said conveyances, acted in good faith and without knowledge or reasonable grounds to suspect the fraudulent intent and purpose of the said G. W. Varn, said conveyances would, as to it, be valid as against the plaintiff in fi. fa. and other creditors of the said G. W. Varn.    (c)   By said charge the court *assumed,* and in effect so instructed the jury, that G. W. Varn organized Varn Investment Co., the claimant, without the co-operation or consent of any other person or persons acting for it, or for themselves in its organization; whereas the evidence shows without conflict that other persons acted for themselves and for the corporation in bringing about its organization, and therefore acted for it in accepting the conveyances which are the subject of attack."

The criticism of the foregoing excerpt from the charge fails to take into consideration other portions of the charge on this subject, as follows:   "If you should find that Mr. G. W. Varn at the time he made these transfers, either or both, did so with the intent to hinder, delay, or defraud his creditors, and if you find that to be true, and fail to find that the claimant knew, or had reasonable ground of suspicion, that such was the intent and purpose of Mr. Varn at the time he made the transfers, either or both, then and in that event you would find the transaction valid, and find the property not subject to the fi. fa.," etc.   And in the part of the charge immediately following the part complained of the court charged the jury that "If the corporation is organized and conveyances of property are made to the corporation, and by it taken not to defraud his creditors, then the transaction would be valid and would not be null and void."   The charge is not open to the criticism that the court *assumed* any facts to be proved, but on the contrary in two instances it used the language, "if you believe and find from the evidence," and almost in the same connection stated,

"and if you further believe from the evidence," etc.   The charge therefore is not subject to the criticism that the court *assumed* as a matter of law that anything had been proved, but left it to the jury to say whether from the evidence certain things had been proved.   So we conclude that the charge complained of, when thus considered in connection with the remainder of the charge on this subject, is not open to the criticism aimed at it.

Other grounds of the motion for new trial relate to instructions on the subject of badges of fraud.   They are without merit, and are not such as to require discussion.   The verdict was authorized by the evidence.   As the judgment on the main bill of exceptions is affirmed, the cross-bill is dismissed.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed.   All the Justices concur, except*

RUSSELL, C. J., and HINES J., who dissent from the ruling in the second headnote.