STRICKLAND *v.* DAVIS *et al.*

No. 11519.   MARCH 12, 1937.

*Memory & Memory,* for plaintiff.

*J. R. Walker Jr.,* for defendants.

BELL, Justice.   On October 28, 1929, J. R. Davis, as surety for another person, executed a note to A. J. Strickland for $258.52. This note was reduced to judgment in August, 1932. In the meantime, on December 12, 1930, Davis executed to his wife a deed reciting a consideration of $1000, and conveying a tract of land containing about eighty acres. In July, 1935, Strickland filed the present suit against Davis and his wife, to cancel the deed, alleging that it was a voluntary conveyance which rendered Davis insolvent, and that it was made with intent to hinder, delay, and defraud the plaintiff as a creditor, such intention being known to Mrs. Davis, the grantee. The defendants filed an answer denying the material allegations of the petition, and specifically alleging that the deed was made to satisfy an indebtedness which Davis owed to his wife, consisting of $206.64 which she loaned to him in 1920, and $450 loaned in 1927. The answer alleged that these two items with lawful interest amounted to more than $1000 at the time the deed was executed, and that this sum constituted a good and valuable consideration for the deed. On the trial the jury found a verdict in favor of the defendants. A motion for new trial was overruled, and the plaintiff excepted. The evidence tended to show that Davis executed a note to his wife for the first of these items. There was no written evidence of the second item. Mrs. Davis testified that she did not know of her husband's indebtedness to Strickland at the time the deed to her was made, and there was other evidence tending to support the answer of the defendants. It appeared that the conveyance of the real estate and the delivery of some personal property in connection therewith rendered the husband insolvent, and that he owed some other debts besides the debt to Strickland. Several witnesses testified regarding the value of the property in question.

The estimates ranged from about $1000 to upwards of $3500. It appeared, without dispute, that no money or present consideration passed at the time the deed was executed, and that the only consideration, if any, was the indebtedness of Davis to his wife. The special grounds of the motion for a new trial assigned error on several excerpts from the charge of the court and on refusal of requests to charge. These assignments will be stated and considered in the opinion which follows.

■ The court charged the jury as follows: "Mere inadequacy of consideration in a deed from husband to his wife, even if he is insolvent at the time of its execution, if there was no intention to delay or defraud his creditors, or if the intention was unknown to his wife, or she did not have reasonable ground for suspicion, would not void the contract. But inadequacy of consideration, if gross, would be a badge of fraud, and might, with other circumstances, amount to actual fraud." This charge was assigned as error on the following among other grounds: "It was the contention of movant upon the trial of the instant case that the conveyance sought to be canceled would have rendered the husband insolvent, and that the consideration of this conveyance was grossly inadequate, and there was evidence upon the trial to support these contentions; and therefore it was error for the court to charge the jury as stated, because, if the jury believed that the conveyance in question would have rendered the husband insolvent and that the consideration was grossly inadequate, it would have been their duty to find in favor of the plaintiff even though the wife did not have knowledge or reasonable ground to suspect that it was the intention of the husband to delay or defraud his creditors." Also, "The instruction given conflicts with the rule of law as laid down in other portions of the charge with regard to fraud in transactions between husband and wife, wherein the jury were instructed that if the consideration in a conveyance by an insolvent husband to a wife in settlement of a debt due by the husband to the wife was grossly in excess of the amount of the debt, it would be considered as made with intent to delay or defraud his creditors, though both the husband and the wife claimed to have acted in good faith, and was therefore calculated to confuse and mislead the jury." Under the facts of the case, these exceptions were well taken. The excerpt complained of appears to have been based

upon the second paragraph of the syllabus in *Hawkinsville Bank & Trust Co.* v. *Walker,* 99 *Ga.* 242 (25 S. E. 205). While that case was decided by only two Justices, so that the ruling made is not necessarily binding, we need not question its soundness in the consideration of the case at bar. Under one phase of the evidence in that case, the jury would have been authorized to find that the deed to the wife was made for a *present consideration* in money, and in such case it may be that mere inadequacy, that is, an inequality not gross, would be insufficient to avoid the deed at the instance of creditors, and that even gross inadequacy would be only a badge of fraud, as distinguished from fraud per se. In *Ernest* v. *Merritt,* 107 *Ga.* 61 (3) (32 S. E. 898), it was held: "One who takes a deed based on a valuable consideration, not so grossly inadequate as to suggest fraud, is not affected by an intention to defraud in the mind of the grantor but unknown to the grantee." In *Scott* v. *Winship,* 20 *Ga.* 429 (2), it was said that "where property is fairly purchased from a debtor in failing circumstances, and the money paid, the creditors must refund the price paid before they can resell on account of the inadequacy of the price, unless it be so grossly inadequate as to amount to a fraud per se." See also *Shirk* v. *Loftis,* 148 *Ga.* 500 (2) (97 S. E. 66); 27 C. J. 516, 544, §§ 188, 241.

In the instant case, however, there was no evidence of a present consideration. On the contrary, it appeared without dispute that the only consideration, if any, was a past indebtedness owed by the husband to the wife, and apparently the verdict turned upon the bona fides of the husband's preference of his wife as a creditor. As to such an issue it has been held that "while the husband has the right to prefer his wife to other unsecured creditors and pay her as well with property as with money, provided the property conveyed to the wife in satisfaction of her debt is reasonably proportioned to the amount of the debt, the conveyance by him to her of property in a sum grossly in excess of the amount due her amounts to a conveyance made with intent to delay and defraud creditors, this being true notwithstanding both husband and wife claim to have acted in good faith in the transaction; and such conveyance will be set aside as a fraud upon other creditors of the husband." *Gill* v. *Willingham,* 156 *Ga.* 728 (11), 732 (120 S. E. 108); *Krueger* v. *MacDougald,* 148 *Ga.* 429 (4)

(96 S. E. 867). It was further held in the *Gill* case, that, as applied to the right of a husband to prefer his wife as a creditor, the court erred in instructing the jury that gross inadequacy of consideration would be a badge of fraud, since the law denounces such inadequacy *as a fraud* upon the husband's creditors. In the present case there was no place for application of both the principle ruled in *Hawkinsville Bank & Trust Co.* v. *Walker* and that · enunciated in *Gill* v. *Willingham*, supra; and under the restricted issues involved by the evidence, the charges based upon the two decisions were in conflict, the latter being correct and the former being incorrect or inapplicable, in view of the issues presented. "The jury should not be left to decide between conflicts in the charge, without having their attention directed thereto by the court and being instructed as to which of the antagonistic principles is correct and applicable, and which should be disregarded." *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (2) (57 S. E. 91).

█ The plaintiff complained also of the following charge: "If you believe that the husband made the deed to his wife, and the wife had no notice of any outstanding indebtedness against her husband at the time she took the deed, and that the transaction was free from fraud, then, gentlemen of the jury, you should find in favor of the defendants in the case." It is contended that this charge was erroneous, because it left out of view the fact that the conveyance rendered the husband insolvent and the plaintiff's contention that the value of the land was grossly in excess of the amount of the husband's debt to his wife, in satisfaction of which the deed was executed. Under the decisions referred to above, this charge was erroneous as contended. The same charge was also assigned as error on the ground that if the deed was made merely to hinder or delay the plaintiff as a creditor, and this intention was known to the wife, it would be void regardless of fraud. Under the authorities, this exception is also well taken. *Evans* v. *Coleman*, 101 *Ga.* 152 (28 S. E. 645); *Monroe Mercantile Co.* v. *Arnold*, 108 *Ga.* 449 (34 S. E. 176); *Gill* v. *Willingham*, supra; *Cowan* v. *Bank of Rockdale*, 159 *Ga.* 123 (4) (125 S. E. 194). Whether or not this error, if standing alone, would require a reversal, need not be decided.

█ The court charged the jury that the burden was upon the

plaintiff to satisfy their minds of the truthfulness of his case by the preponderance of the evidence. This charge was assigned as error on the ground that since the transaction between the husband and the wife was attacked by the plaintiff creditor as being fraudulent, the burden was upon the husband and the wife to show that it was fair. The charge as given was a correct statement regarding the burden of proof as related *to the case.* The general burden of proof is usually fixed by the pleadings, and should be distinguished from the burden of evidence which may shift from one party to the other at different stages of the trial. The plaintiff had the burden of proving that he was a creditor and that a sale of the property was made by the debtor to his wife. When it appeared that the deed had been made as alleged; and the plaintiff as a creditor was attacking it for fraud, the onus was then shifted to the husband and the wife to show the transaction was valid. Code, § 53-505; *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 27 (174 S. E. 708). But the defendants did not claim the burden of proof on the pleadings, and it was not erroneous to charge in effect that the plaintiff, having brought the case, had the burden of proving it. *Hawkins* v. *Davie,* 136 *Ga.* 550 (71 S. E. 873); *Hyer* v. *Holmes,* 12 *Ga. App.* 837 (3, 4) (79 S. E. 58); *Masonic Relief Association* v. *Hicks,* 47 *Ga. App.* 499 (171 S. E. 215).

Other grounds of the motion for new trial assigned error on the refusal of the court to give the following charges which were duly requested in writing: (a) "I charge you that what are known as badges of fraud are signs or indicia from which fraud may be properly inferred as a matter of evidence, but do not in themselves, or per se, constitute fraud." (Cf. *Varn Investment Co.* v. *Bankers Trust Co.,* 165 *Ga.* 694, 141 S. E. 900; 6 C. J. 881). (b) "I charge you that for a debtor to sell so much of his property as would leave him unable to pay his debts, and such sale was in an unusual mode and differing from the manner in which such business is generally transacted, to the extent that suspicion would be excited that the transaction was unfair, would be a badge of fraud." (Cf. *Hoffer* v. *Gladden,* 75 *Ga.* 532; *Eberhardt* v. *Bennett,* 163 *Ga.* 796, 806, 137 S. E. 64). (c) "I charge you that if there is any evidence as to badges of fraud, the burden would be upon the defendants to satisfactorily explain

the same." (Cf. *Gill* v. *Willingham,* supra.) Under the authorities cited parenthetically after the quotation of each of the requested charges, they contained correct statements of the law, and in view of the pleadings and the evidence they were pertinent and should have been given as requested. But, since a new trial is required for reasons stated in the first division, we do not say that a refusal of such requests amounted to reversible error in this case. The judgment being reversed for error in the charge of the court, the sufficiency of the evidence will not be determined.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*