335 P.2d 554

**Marvin E. ADDISON, Plaintiff-Appellant,**

**v.**

**George D. TESSIER and Margaret B. Tessier, his wife, Don R. Garber, and Lastever Neon Sign Co., Inc., a corporation, *Defendants-Appellees.***

**No. 6454.**

Supreme Court of New Mexico.

Jan. 30, 1959.

Rehearing Denied March 2, 1959.

Smith & Kiker, Albuquerque, for appellant.

Threet & Ussery, Albuquerque, for appellees.

LUJAN, Chief Justice.

This is an appeal from a final judgment in a suit to set aside the transfer of property as fraudulent. The complaint stated two claims for relief. The first claim is based on the action of defendant-appellee, George D. Tessier, in organizing a corporation on April 1, 1954, and transferring his business assets to the corporation. The second claim for relief is based on the action of Mr. Tessier in conveying on March 1, 1954, all of his real estate to his wife Margaret B. Tessier. At the time of these transfers plaintiff-appellant had a suit pending against appellee, George D. Tessier.

The complaint alleges that said transfers were made "without consideration and with

224

intent to delay, hinder and defraud creditors of defendant George D. Tessier, and in particular this plaintiff."

From a judgment in favor of defendants-appellees, plaintiff-appellant prosecutes this appeal.

The material findings of fact made by the trial court are as follows:

"2. The Court finds that the defendant, George D. Tessier, and the defendant, Margaret B. Tessier, are first cousins, and are husband and wife, having married on or about the month of March 1947, and that such relationship existed on the first day of March 1954."

"5. That when the defendant, George D. Tessier, proposed marriage to the defendant, Margaret B. Tessier, an understanding and agreement was had whereby it was agreed between them that any and all monies loaned and advanced by the defendant, Margaret B. Tessier, to the defendant, George D. Tessier, and to his use and benefit would be repaid to her by the defendant, George D. Tessier, either in money or its equivalent."

"7. That, during the years of 1947 to March 1, 1954, the defendant, Margaret B. Tessier, loaned and advanced to the defendant, George D. Tessier, the sum of $20,534.17 upon the distinct understanding that such loans and advances would be repaid to her by the defendant, George D. Tessier, either in money or its equivalent.

"8. That in the fall of 1953 the defendant, George D. Tessier, suffered injuries in an automobile accident which prevented him from pursuing his regular occupation for a period of several months and required the expenditure of large sums of money for hospital fees and doctor bills which were advanced by the defendant, Margaret B. Tessier."

"10. That the reasonable market value of the property conveyed by the defendant, George D. Tessier, to the defendant, Margaret B. Tessier, on March 1, 1954, was the sum of $32,-000.00 subject to a real estate mortgage securing the sum of $6,646.52, which sum the defendant, Maragert B. Tessier, assumed and agreed to pay."

"13. That on March 1, 1954, there was pending in the District Court of Bernalillo County, New Mexico, certain litigation against the defendant, George D. Tessier, which subsequently resulted in a judgment against the defendant, George D. Tessier.

"14. That at the time of the transfer of the real estate described in plaintiff's Complaint from the defendant,

George D. Tessier, to the defendant, Margaret B. Tessier, the defendant George D. Tessier, was and now is the owner and operator of a neon sign business in the City of Albuquerque, known as the Lastever Neon Sign Co., Inc., a corporation, with authorized capital stock of 500 shares, 498 shares being issued and now owned by the defendant, George D. Tessier, and one share each being owned by the defendant, Margaret B. Tessier, and the defendant, Don R. Garber.

"15. That at the time the transfer of the real estate described in plaintiff's Complaint from the defendant, George D. Tessier, to the defendant, Margaret B. Tessier, the defendant, George D. Tessier, was not insolvent, and such transfer was not made in contemplation of insolvency, nor with the intent to hinder, delay and defraud the creditors of the defendant, George D. Tessier, but was made for a valuable consideration for the purpose of paying a preexisting debt owed by the defendant, George D. Tessier, to the defendant, Margaret B. Tessier.

"16. That in receiving the transfer of the real estate described in plaintiff's Complaint from the defendant, George D. Tessier, the defendant, Margaret B. Tessier, acted in good faith, having paid a valuable consideration for such property, and had no knowledge of any facts suggestive of fraud, if any, in the transaction.

"17. That neither the defendant, George D. Tessier, nor the defendant, Margaret B. Tessier, acted fraudulently in giving and receiving the transfer of the real estate, described in plaintiff's Complaint, nor was such transfer consummated with the intent to hinder, delay or defraud the creditors of the defendant, George D. Tessier, and in particular the plaintiff in this cause."

Appellant attacks Findings 5, 7, 10, 15, 16 and 17 as being clearly erroneous, based on facts which are inherently improbable and without substantial support in the evidence. Appellant's attack is based upon evidence of certain "badges of fraud," which badges, as alleged by appellant, are as follows: (1) insolvency of grantor, (2) transfers included all of grantor's property, (3) transfers were general, (4) transfers were made during the pendency of litigation and with other litigation threatened, (5) conveyance was without consideration, (6) if there was consideration, it was totally inadequate, (7) grantee knew of grantor's insolvency and his fraudulent intent, (8) grantor retained possession of the property and continued to use it as his own after the transfer, (9) relationship of husband and wife exists between grantor and grantee.

226

It is deemed unnecessary to review the many cases in this jurisdiction dealing with fraudulent conveyances. The question, as to the second claim for relief, is simply whether the trial court's findings of fact which are attacked by appellant are supported by substantial evidence. In view of the fact that there were certain inconsistencies and contradictions in the evidence, in determining whether the challenged findings are so supported the test set forth in Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522 is appropriate.

█ We there held that even if the evidence as to certain elements of proof leaves something to be desired, and inconsistencies are to be found in the evidence and testimony of party in whose favor the findings are made, nevertheless, unless they are of such a nature as to render the facts relied on inherently improbable, it is for the fact finder to reconcile such inconsistencies and finally say where the truth lies.

█ A careful review of the voluminous record in this case satisfies us that the evidence supporting the trial court's material findings of fact as to the second claim for relief meets the requirements of substantiality.

There is a great deal of evidence that the grantor was solvent at the time the transfer in question was made. There is direct evidence, which, if believed, fully warrants the finding that the transfer to Margaret B. Tessier was made in satisfaction of a bona fide pre-existing debt. See Consolidated Placers, Inc. v. Grant, 48 N.M. 340, 151 P.2d 48. Likewise, there is substantial evidence that the transfer was made upon valuable and adequate consideration, and we do not feel that such evidence is inherently improbable.

█ As we stated in Marchbanks v. McCullough, 47 N.M. 13, 19, 132 P.2d 426, 430:

"* * * It may be that the members of this court would have reached a different conclusion on the facts, but as we are bound by the 'substantial evidence' rule we do not feel justified in holding that the conveyance was made to hinder, delay, or defraud the appellant or other creditors."

Appellant urges that "In view of the fact that the trial court concluded that plaintiff had failed to make out a case as a matter of law it is clear that it assigned to plaintiff the burden of disproving the validity of the alleged consideration." We are unable to accept this contention. The trial court concluded "that the plaintiff has failed to meet the burden of proof." The burden of proof is at all times on the creditor who attacks a conveyance on the ground that it is fraudulent and in

furtherance of a design to hinder, delay or defraud creditors. National Mutual Savings & Loan Ass'n v. Lake, 47 N.M. 223, 141 P.2d 188. We find nothing which indicates that the court did not properly allocate the burden of going forward with evidence, as distinguished from the ultimate burden of proof.

In his first claim for relief appellant contends that the action of George D. Tessier in organizing and transferring his assets to a corporation in return for 98 percent of the stock was simply a device to shield him from the attacks of creditors. The trial court made no explicit finding on this point and we are compelled to the conclusion that the trial court erred in failing to set aside the corporate entity for the purpose of enforcing appellant's judgment.

■ The fraudulent conveyance is a creature of many forms, one of which is for a debtor to incorporate himself. Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355. Notwithstanding that the stock received in consideration of such a transfer represents property and may be subjected to the claims of creditors, when circumstances surrounding the incorporation indicate an intention to hinder, delay or defraud creditors, such corporate entity must be set aside. Varn Investment Co. v. Bankers' Trust Co., 165 Ga. 694, 141 S.E. 900; Hinkley v. Reed, 82 Ill.App. 60;

Kellogg v. Douglas County Bank, 58 Kan. 43, 48 P. 587; Bennett v. Minott, 28 Or. 339, 39 P. 997, 44 P. 288.

■ Such circumstances are present in this case. The incorporation took place while important litigation was pending against appellee. See United Sewing Machine Distributors, Inc. v. Calhoun, Miss., 95 So.2d 453. He took 98 percent of the stock and continued to carry on his business as before. There is no indication that the formation of the corporation in any way facilitated the operation of what was and is essentially a "one-man" concern.

Appellee urges that appellant was not prejudiced by the formation of the corporation since he can attach the stock in an attempt to satisfy his judgment. But the stock has no intrinsic value, and may, in fact, have little or no market value. Sullivan v. International Baking Co., 60 N.J.Eq. 80 (formerly Mulford v. Doremus), 45 A. 688; Benton v. Minneapolis Tailoring & Manufacturing Co., 73 Minn. 498, 76 N.W. 265. Appellant should not be deprived of an immediate remedy or compelled to submit to a delay until there should be market value for the stock. Curran v. Rothschild, 14 Colo.App. 497, 60 P. 1111; First National Bank of Chicago v. F. C. Trebein Co., 59 Ohio St. 316, 52 N.E. 834. Hence, the legal entity of the corporation must be disregarded for purposes of satisfying appellant's judgment.

228

It follows from what has been said that the judgment of the trial court is affirmed as to appellant's second claim for relief and reversed as to his first claim for relief.

It is so ordered.

COMPTON and CARMODY, JJ., concur.

SADLER, J., not participating.

McGHEE, Justice (specially concurring).

I readily concur with so much of the opinion as holds the corporate entity may be set aside for the purpose of enforcing appellant's judgment. With considerable reluctance I concur in that part which holds there is substantial evidence to support a finding that the transfer of the house and other real estate was made in satisfaction of a bona fide pre-existing debt and upon valuable and adequate consideration and in good faith.

Certainly an examination of the testimony and evidence in the record leaves something to be desired and there are many contradictions and inconsistencies which without more would render the facts as found inherently improbable. I feel bound, however, by Kutz Canon Oil & Gas Co. v. Harr, 1952, 56 N.M. 358, 244 P.2d 522 and Marchbanks v. McCullough, 1942, 47 N.M. 13, 132 P.2d 426, where similar situations existed.