39744. SMITH v. ATLANTA TRANSIT SYSTEM, INC.

Decided September 20, 1962—Rehearing denied October 1, 1962.

*William F. Wood,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Jule W. Felton, Jr.,* contra.

Nichols, Presiding Judge. 1. Special ground 1 of the amended motion for new trial (numbered 4), complains of the following excerpt from the court's charge: "The court charges you that in a suit for damages against a trolley transport company for

injuries alleged to have been caused by the negligent operation of the trolley, it is incumbent upon the plaintiff in such a case to prove not only that there was a sudden, violent and unusual jerk of the trolley, but also that such jerk was unnecessary at the particular time and place in question."

The plaintiff's petition, as finally amended, alleged, not only that the defendant transit company was negligent in causing the trackless trolley to jerk unnecessarily, but also that the defendant was negligent in failing to keep the trolley motionless in order for the plaintiff to alight safely therefrom, and in failing to allow a reasonable and sufficient time for the plaintiff to alight from the trolley before allowing or causing the same to move. The charge excepted to instructed the jury that, in order for a recovery to be had in a damage suit against a trolley transport company for injuries alleged to have been caused by the negligent operation of the trolley, it was necessary for the plaintiff to prove that the movement of the trackless trolley was sudden, violent, unusual and unnecessary, when under certain of the allegations of negligence it was only necessary to prove in the present case that the trackless trolley was put in motion before giving the plaintiff ample time to alight and that such movement was not in exercise of the extraordinary care owed the plaintiff.

Had the plaintiff only alleged a sudden, violent, unusual and unnecessary jerk of the trackless trolley, or had the charge been limited to the plaintiff's right to recover upon the "sudden jerk" feature of the case such charge would have been correct. Therefore, even assuming that elsewhere in the charge the jury was properly instructed that the plaintiff could recover if the defendant was negligent in failing to exercise extraordinary diligence to give her a reasonable opportunity to alight from the trackless trolley before putting the vehicle in motion (see *Atlanta R. Co. v. Randall,* 117 Ga. 165, 43 SE 412; *Georgia Power Co. v. Weaver,* 68 Ga. App. 652, 23 SE2d 730), "A jury must take the whole charge as law, and it is not for them to select between conflicting parts without being instructed to do so by the judge. *Atlantic C. L. R. Co. v. Andrews,* 20 Ga. App. 605 (1), 93 SE 261; *Strickland v. Davis,* 184 Ga. 76, 80 (1) 190 SE 586." *Hudson v. Cole,* 102 Ga. App. 300, 302, 115 SE2d 825). Such charge was error requiring the grant of a new trial.

2. Special grounds 6 and 7 assign error on the following excerpt from the charge: "If you find that there was a jerk, and you find that such jerk, if there was a jerk, and you find that such jerk was one merely usual and necessarily incidental to the operation of the bus, then the plaintiff would not be entitled to recover."

In special ground 6 error is assigned on such excerpt from the charge because it is wrong as an abstract principle of law, and in special ground 7 because it tends to express an opinion of the trial court. The charge as given was not erroneous as an abstract principle of law when considered with the remainder of the charge; however, the repetition in such excerpt, while probably not intentional, would tend to discredit the plaintiff's position, and such repetition should not be included on another trial.

3. Special ground 5 complains of an excerpt from the court's instruction (four paragraphs), because it unduly stressed one phase of the case and tended to ignore other contentions of the plaintiff. Two of the paragraphs complained of have been dealt with in the preceding divisions of the opinion and, in view of the rulings thereon, the complaint in this ground of the motion for new trial will probably not recur on another trial.

4. Special ground 8 complains that the trial court instructed the jury to determine if certain alleged acts by the defendant amounted to a failure to exercise extraordinary care for the plaintiff's safety and, if so, such acts would constitute negligence.

The plaintiff contends that the charge was erroneous because it left for the jury the question as to whether the acts complained of showed a lack of the care owed the plaintiff rather than instructing the jury that such acts were in fact negligence. The charge given was not error. Had the instructions been given which the plaintiff contends would have been correct the court would have instructed the jury that such acts, not negligence per se, were negligent and such charge would have been error. See *Central R. v. Thompson*, 76 Ga. 770 (3).

5. There was evidence that would have authorized a finding that the plaintiff's injuries were not caused as a result of negligence but as a result of an accident, and the charge on "accident" was not error as contended in the last ground of the plaintiff's motion for new trial.

6. Inasmuch as the case must be again tried the usual general grounds of the plaintiff's motion for new trial will not be passed upon except to state that the verdict was not demanded as a matter of law.

*Judgment reversed. Frankum and Jordan, JJ., concur.*