43041.   PEACOCK CONSTRUCTION COMPANY et al. v. TURNER CONCRETE, INC.

ARGUED SEPTEMBER 12, 1967—DECIDED NOVEMBER 3, 1967—REHEARING DENIED DECEMBER 11, 1967—

*Shoob, McLain & Jessee, C. James Jessee, Jr., Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellants.

*Grant & Matthews, Carlton G. Matthews, McClure, Ramsey & Struble, Robert B. Struble,* for appellee.

QUILLIAN, Judge. ■ The first ruling enumerated as error is that the judge, over objection of Peacock, the sole defendant originally named in the suit, and New Amsterdam, allowed an amendment to the petition which: (1) joined New Amsterdam as a new party defendant; (2) added a new cause of action which was a suit on a surety bond executed by Peacock as principal and New Amsterdam as surety. The ruling was contrary to law. *Code* § 81-1303 (of force when the case was tried) provides: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." Under the Code section neither a new party nor a new cause of action could be added by amendment except when permitted by statute. *Hamner v. Johnson,* 100 Ga. App. 1, 3 (109 SE2d 881); *Salomon v. Central of Ga. R. Co.,* 220 Ga. 671, 673 (141 SE2d 424). Similar pronouncements of this rule of pleading appear in *Calhoun v. Arnold,* 21 Ga. App. 37, 38 (93 SE 506); *Troup v. Tomberlin,* 34 Ga. App. 623, 625 (130 SE 541); *Steerman v. Smith,* 102 Ga. App. 809, 810 (118 SE2d 120). In *Laken v. Sunbrand Supply Co.,* 214 Ga. 804, 808 (108 SE2d 323) the opinion states the rule and adds the observation: " 'No amendment adding a new and distinct cause of action . . . shall be allowed unless expressly provided for by law.' *Code* § 81-1303. This rule applies to equity cases. *Roberts v. Atlanta Real Estate Co.,* 118 Ga. 502 (45 SE 308); *Magid v. Byrd,* 164 Ga. 609 (139 SE 61). Of course it is provided by law that necessary parties may be added. *Code* § 37-1005. This does not include unnecessary and even improper parties, as was sought to be done here." *Calhoun v. Arnold,* 21 Ga. App. 37, supra, and *Troup v. Tomberlin,* 34 Ga. App. 623, supra, hold that in a suit at law a plaintiff is not permitted to amend the petition to join a new party defendant or to introduce a new and different cause of action. In both cases it is held that where such an amendment is allowed contrary to *Code* § 81-1303 all further proceedings in the trial of the case are nu-

gatory. There were instances where under the former pleading Act new parties could be added by express permission of statutes, such as those embodied in former *Code* §§ 81-1305, 81-1307 and 81-1308, but none of these statutes is applicable in this case. Contrary to the insistence of the appellee, the principles of pleadings relative to vouchment, intervention, joinder of parties in original pleadings and multifariousness have no relation to the statutory inhibition against bringing in new parties and declaring upon a "new and different cause of action" by amendment to the pleadings.

We have considered *Code* § 3-404 cited by the appellees. It reads: "Where for any cause it becomes necessary or proper to make parties, the judge shall cause a rule to be prepared, signed by him, either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation." The text of the Code section does not authorize the adding of new parties or new cause of action by way of amendment to the pleadings. It merely describes the manner in which new parties or causes of action are to be brought into a case when permitted by some other statute. *Carey v. Habersham Hardware &c. Co.*, 211 Ga. 19 (83 SE2d 585) cited by the appellee is not authority for the view that the plaintiff may amend a petition to add a new party defendant or a new cause of action. It relates only to the principles of vouchment, not applicable to any phase of the present case, and holds: (a) that where a vouchment could be allowed in equity it could be permitted in an action at law; (b) that the Court of Appeals reviews cases in which the principles of vouchment are applied in suits at law.

■ As previously noted, *Calhoun v. Arnold*, 21 Ga. App. 37, supra, and *Troup v. Tomberlin*, 34 Ga. App. 623, supra, hold that where, as in the case sub judice, a new party or a new cause of action is allowed contrary to the provisions of *Code* § 81-1303 all subsequent proceedings of the trial of the case are nugatory. However, the peculiar circumstances in which this case is reviewed, in our opinion, make it expedient to pass upon each of the enumerations of error in order to comply with the mandate of *Code Ann.* § 6-701 (b) (Ga. L. 1965, p. 18) which provides

in part: "For purposes of review by the appellate court, one or more judgments, rulings or orders by the trial court held to be erroneous on appeal shall not be deemed to have rendered all subsequent proceedings nugatory, but the appellate court shall in all cases review all judgments, rulings or orders raised on appeal which may affect the proceedings below, and which were rendered subsequent to the first judgment, ruling or order held erroneous." The circumstances are that subsequent to the trial of the present case Code § 81-1303 was repealed. The Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 671; Ga. L. 1967, p. 8; Ga. L. 1967, pp. 226, 250) embodied in Code Ann. § 81A-186 provides: "This Title shall become effective September 1, 1967, and shall govern all proceedings, in actions brought after it takes effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in a particular action pending when this Title takes effect would not be feasible or would work injustice, in which event the former procedure applies." Consequently, upon the return of the case the trial court will have the authority to decide whether it will be tried under the former pleading Acts or the Georgia Civil Practice Act. If he orders the new trial under the latter Act and in the event the amendment to the petition, here illegal under former Code § 81-1303, is again offered the judge must decide whether it should be allowed under the provisions of the new Act, particularly Code Ann. §§ 81A-113, 81A-114, 81A-120 and 81A-121 (Ga. L. 1966, pp. 609, 625, 627, 631, 632).

■ The second enumeration of error alleged that the verdict was contrary to law. The contention must be sustained because the plaintiff was permitted to recover against a new party and upon a new cause of action brought into the case by an amendment to the petition, contrary to the then existing Code § 81-1303. According to the previous holdings of this court all proceedings in the trial of the case subsequent to the order allowing the amendment were nugatory. Calhoun v. Arnold, 21 Ga. App. 37, supra; Troup v. Tomberlin, 34 Ga. App. 623, supra.

■ Enumerations of error 3, 4 and 5 complain that the evidence did not support the verdict. While, for the reason stated in the preceding division of this opinion, no legal verdict could

be rendered in the case, the evidence would have supported the verdict had the pleadings been in order and all the parties properly before the trial court. However, the evidence did not demand a verdict for any party to the case, because it was in sharp conflict concerning material issues. In making this ruling, consideration is given the contention contained in appellants' brief: "The appellant New Amsterdam Casualty Company is also entitled to a new trial on the general grounds, because of the failure of the plaintiff to either plead or prove that there had been a compliance with condition 3 of the bond." The clause of the bond upon which appellants base the contention reads: "Unless claimant, other than one having a direct contract with the principal, shall have given written notice to any two of the following: The principal, the owner, or the surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made. . ." Peacock was the principal in the bond, and Peacock was a party with whom Turner had a direct contract to supply concrete to be used in constructing the hospital. The provisions of the bond with reference to the notice had no application to the suit on the bond in this case.

■ The sixth enumeration of error alleges: "The trial court erred in overruling appellants' motions for directed verdict on the ground that plaintiffs' suit was upon open account, whereas the evidence related to a verbal contract, the terms of which had not been complied with by appellee. The trial court also erred in overruling the motion for judgment notwithstanding the verdict based upon said motion for directed verdict." Appellants cite as supporting authority for this insistence *Blue v. Ford*, 12 Ga. 45, which holds on p. 47 that, under the then new pleadings Act of 1847, where in the trial of a suit on account the evidence disclosed the account was made under the terms of a written contract and that the plaintiff had not complied with the contract, the defendant was entitled to a nonsuit, but that it was error to direct a verdict in the defendant's favor. The pertinent part of the opinion reads: "We affirm the judgment, and direct that the verdict be set aside and a nonsuit entered. It is not a

case where the plaintiff is to be precluded by a verdict." Under the *Blue* case the appellants' motions for directed verdict and judgment notwithstanding the verdict were properly overruled. However, in the case of *Southern Printers' Supply Co. v. Felker,* 125 Ga. 148 (1) (54 SE 193) and subsequent holdings of both of our appellate courts the rule is pronounced: "Where suit was brought on an open account for an indebtedness, and on the trial it appeared that there was a written contract between the parties, which was introduced, and the evidence for the plaintiff was to the effect that there had been complete performance by it of its part of the contract and nothing remained to be done but for the defendant to make payment, it was error to grant a nonsuit. *Hancock v. Ross,* 18 Ga. 364; *Tumlin v. Bass Furnace Co.,* 93 Ga. 594; *Burch v. Harrell,* Id. 719; *Johnson v. Quin,* 52 Ga. 485; *Schmidt v. Wambacker,* 62 Ga. 321." Where, as in the instant case, the evidence is in conflict as to whether the plaintiff has performed his part of the contract the issue must be submitted to the jury.

■ The complaint of the seventh enumeration of error that the judge charged the jury on "open account" shows no error, because the suit was upon an account.

■ Enumeration of error 8 complains: "The trial court erred in charging the jury on the burden of proof when it instructed the jury: '. . . The burden of proof lies upon the defendants to satisfy the jury of its case by a preponderance of the evidence. . .'" Immediately preceding the charge assigned as error, the judge had instructed the jury that they were to pass upon the issues made by the pleadings in the case. The petition alleged the plaintiff was entitled to recover on an open account. A plea of recoupment alleged that the defendant was entitled to recover a certain sum in damages. The burden was upon each party to prove its case as plead. The judge's charge was correct.

■ The ninth enumeration of error alleges: "The court erred in overruling appellants' objections to testimony relating to occurrences on other occasions, and in allowing the witness Turner to testify about water added to concrete on days other than February 21, 1966." The witness Turner testified to facts

transpiring before and subsequent to February 21, 1966, which were of substantial evidential value in proving water was actually added to the concrete on February 21, 1966, after its delivery to the defendant Peacock. The evidence was properly admitted.

■ Enumerations of error 10, 11 and 14 complain that the testimony of expert witnesses, Mr. King and Mr. Gravino, was admitted over the objection that the proper factual foundation had not been laid for its introduction. Ample evidence, in each instance, had been previously admitted to furnish the factual basis for the testimony of both of the witnesses.

■ Enumeration of error 12 alleges: "The court erred in overruling appellants' objections to the witness Alexander's testimony relating to whether trucks belonging to Turner Concrete, Inc., returned without water in the tanks." The objection interposed was that Mr. Alexander's testimony was irrelevant. As we view the record, it was material to the vital issue of whether the strength of the concrete sold by Turner to Peacock was diminished by water being added by Peacock's employees after its delivery. One of Turner's truck drivers testified that water was taken from the tank of the truck in operation and added by Peacock's employees to the concrete "about" every time he delivered the concrete at the hospital site. Alexander's testimony corroborated the driver's evidence. It was relevant and material.

■ The thirteenth enumeration of error alleges: "The court erred in refusing to allow the witness Trammell to testify as to the cost of removing the concrete slab." Trammell was sworn on behalf of the appellants. The record discloses they did not inform the judge of what he was expected to testify. The record is also silent as to what his testimony would have tended to prove. "Exceptions to a refusal to permit a witness to answer a question can not be considered if they do not show what answer was expected." *Dixie Freight Lines v. Transportation, Inc.*, 53 Ga. App. 832, 833 (5) (187 SE 281); *Jordan v. Hancock*, 91 Ga. App. 467, 477 (86 SE2d 11); *Hawkinsville Bank &c. Co. v. Walker*, 99 Ga. 242 (25 SE 205).

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*