### 44591. PEACOCK CONSTRUCTION COMPANY v. TURNER CONCRETE, INC.

EBERHARDT, Judge. This is the second appearance of this case in this court. See *Peacock Constr. Co. v. Turner Concrete,* 116 Ga. App. 822 (159 SE2d 114) (cert. denied). Simply stated, Turner sued Peacock for $17,754.10 on an account for concrete mix which the latter was using in the erection of a building, to which pleading Peacock filed an answer and cross action claiming a setoff of $1,281 and damages of $20,478.97. Turner amended its petition and brought in New Amsterdam Casualty Company as surety on a labor and material payment bond. The controlling issue at the trial was whether concrete delivered by Turner to Peacock met certain standards. If so, Turner was entitled to recover on the account; if not, Peacock was entitled to recover on its cross action. The jury returned a verdict for Turner, and Peacock and New Amsterdam appealed to this court. We reversed, holding inter alia, that error pervaded the trial since an amendment was allowed to the petition which added a new party defendant and a new cause of action. Upon remand plaintiff struck New Amsterdam as a party defendant, and the parties agreed for the judge to decide all issues involved in the case without the intervention of a jury on the record of the case as previously made, including all of the evidence, oral and documentary, which was introduced and allowed on the former trial. The judge, in his findings of fact, found the evidence as formerly adduced to be conflicting in many material respects but that it authorized a

finding that the concrete mix met the contract specifications and that Peacock accepted and used it. Consequently he denied the setoff and cross action of Peacock and awarded judgment for Turner in the amount sued for. Peacock again appeals. *Held:*

In the prior appeal we followed *Code Ann.* § 6-701 (b) and passed upon all questions raised which may have affected the proceedings below. In holding that there was no error in overruling the defendant's motion for directed verdict and for judgment notwithstanding the verdict, we stated: "Where, as in the instant case, the evidence is in conflict as to whether the plaintiff has performed his part of the contract the issue must be submitted to the jury." 116 Ga. App. 822, 829, supra. We further held: "Enumerations of error 3, 4 and 5 complain that the evidence did not support the verdict. While, for the reason stated in the preceding division of this opinion [adding new party and new cause of action], no legal verdict could be rendered in the case, the evidence would have supported the verdict had the pleadings been in order, and all the parties properly before the trial court. However, the evidence did not demand a verdict for any party to the case, because it was in sharp conflict concerning material issues." 116 Ga. App. 822, 827, supra.

In the present appeal it is argued that there was no evidence to support the decision and judgment since the uncontradicted evidence shows that Turner breached its contract and express and implied warranties by delivering substandard concrete; that for the same reason there was no evidence to support the judgment in the amount sued for since Peacock was entitled to a recovery in some amount by way of setoff and cross action; that the findings of fact and conclusions of law were erroneous and without evidence to support them; and that the trial court abused its discretion in overruling the motion to vacate judgment and enter judgment in Peacock's favor and in overruling the motion for new trial.

There was conflict relative to the matter of the adding of water to the concrete alleged to have been below standard on delivery at the job site and as to whether it was added on authority of the contractor or his representative, but it is recognized by both parties that excess water in the mixture was the most probable cause of the delay in its reaching the strength required by the specifications. The contractor's

claim of damage by reason of the delay resulting from the necessity of awaiting a curing out of the concrete to a point where it reached the requisite strength was not established with sufficient definiteness and certainty in amount as to demand a finding in its favor, even if it had been determined that there had been an adding of water by the plaintiff-supplier's employees, without the contractor's authority.

These issues were met and dealt with adversely to Peacock in the prior appeal, which is dispositive here. Consequently, the judgment must be

*Affirmed. Bell, P. J., and Deen, J., concur.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969—
REHEARING DENIED SEPTEMBER 23, 1969.

*Shoob, McLain & Jessee, M. David Merritt, Thomas A. Rice,* for appellant.

*Grant & Matthews, Carlton G. Matthews,* for appellee.